[No. E006556. Fourth Dist., Div. Two. Aug. 10, 1990.]

KORAL VAUGHN, Plaintiff and Appellant, v.
DAME CONSTRUCTION COMPANY, Defendant and Respondent.

---

COUNSEL

Musick, Peeler & Garrett, James B. Bertero and S. Todd Wilson for Plaintiff and Appellant.

Stutz, Gallagher & Artiano, Daniel R. Shinoff and Robert R. Templeton for Defendant and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—This is an appeal from a judgment entered in favor of defendant and respondent, Dame Construction Company (Dame), after the court granted its motion for summary judgment. The sole issue in this appeal is whether a plaintiff who *was* the real party in interest at the time the action is commenced loses her standing as the real party in interest entitled to recover for injury to real property because of the subsequent sale of the property. We find that the real party in interest is the one injured by the defendant's defective construction and that plaintiff did not lose her right to recover for damages by the subsequent sale of the property.

### FACTS

The plaintiff and appellant, Koral Vaughn, had brought an action alleging strict liability, breach of warranty and negligence seeking damages for defective construction of her condominium. Dame answered the complaint and thereafter filed a motion for summary judgment on the grounds that a little less than a year after plaintiff filed suit she sold her property and therefore no longer has standing to sue.[1] In its ruling granting the motion for summary judgment, the court stated: "Plaintiff has no standing to bring the action she did, since she no longer owns the property. She could have brought an action for loss of profits on resale based upon Defendant's poor construction of the premises, but that is not what she plead [*sic*]." Judgment was entered accordingly and this appeal was filed.

### DISCUSSION

■    This case presents a pure question of law, to wit, whether a real party in interest somehow loses standing to sue for damages suffered as a result of defective construction by the subsequent sale of the defective premises. ■ ■ ■ ■  It is undisputed that at the time the action was commenced, plaintiff was the owner of the property and did in fact suffer damages as a result of the defective construction.[2] ■    Notwithstanding

---

[1] Defendant also moved for summary adjudication on the issue of whether plaintiff has standing to sue for damages to the common areas. This was granted as well. On appeal, plaintiff expressly states that she does not contest this ruling. Accordingly, we do not address it.

[2] Plaintiff submitted no evidence in opposition to the motion for summary judgment. In the memorandum of points and authorities filed in opposition to the motion, former counsel for

these undisputed facts, defendant contends that she no longer can recover for her damages because she no longer owns the property. Defendant has not provided any authority which expressly supports this proposition and we are unable to find any such authority.

Defendant relies on *Del Mar Beach Club Owners Assn.* v. *Imperial Contracting Co.* (1981) 123 Cal.App.3d 898 [176 Cal.Rptr. 886, 25 A.L.R.4th 336] and *Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220 [107 Cal.Rptr. 123, 69 A.L.R.3d 1142] but neither case addressed the issue at hand. Neither case holds that a person who was the owner of the real property at the time the injury occurred and who suffered damages as a result of the injury loses her right to recover for her damages because of the subsequent sale of the property to a third party. Rather, both cases merely state the long-standing rule that one who is not the owner of the property and was not damaged cannot sue for injury to property.

Having no case which directly supports its view, defendant also attempts to create an argument from two generally recognized propositions, neither of which, taken alone or together, aids us in answering the issue at hand. First, defendant relies on the general rule that the person possessing the right to sue is the real party in interest. The person possessing the right to sue is determined by reference to substantive law and as defendant notes, under applicable substantive law, the person having the right to sue for injury to property ordinarily is the owner of the property. From this defendant concludes that plaintiff—no longer the owner—can no longer recover for her damages caused by the defective construction.

However, what defendant apparently fails to understand is that the real party in interest is the party who has title to the cause of action, i.e., the one who has the right to maintain the cause of action. (*Powers* v. *Ashton* (1975) 45 Cal.App.3d 783, 788 [119 Cal.Rptr. 729]: "the complaint in the case at

plaintiff represented that plaintiff had sold the property for approximately $30,000 less than what she originally paid and had made full disclosure of the defective construction to the purchasers. He also represented that while plaintiff owned the property she was required to move to a different residence and was unable to rent the condominium at various times and therefore had to pay to maintain the property even though she was unable to live there. On appeal successor counsel now contends that these representations by former counsel constituted "evidence" and that because defendant did not object to the "evidence" as required by Code of Civil Procedure section 437c, subdivision (b), the court was allowed to consider it. Not so. Defendant had no obligation to object either in writing or orally until actual evidence was submitted. The failure to object does not convert statements of counsel into evidence. Notwithstanding the failure of plaintiff to submit evidence regarding the nature of her damages, she pled damage as a result of defective construction in her complaint and as defendant did not dispute the existence of damage in its motion for summary judgment, that fact is undisputed.

bench shows no title to the cause of action in appellant.") That " 'there may be as many real parties in interest as there are rights of action by substantive law' " (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 103, p. 138) further indicates that the real party in interest is the owner of the cause of action. While ordinarily the owner of the real property is the party entitled to recover for injury to the property, the essential element of the cause of action is injury to one's interests in the property—ownership of the property is not. It has been recognized in many instances that one who is not the owner of the property nonetheless may be the real party in interest if that person's interests in the property are injured or damaged. (See, e.g., *Wolfsen* v. *Hathaway* (1948) 32 Cal.2d 632, 644 [198 P.2d 1], overruled on other grounds in *Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263].) Since it was the plaintiff's interest in the property which was injured by the defendant's defective construction, she is the owner of the cause of action entitled to maintain the present action.

While defendant apparently does not dispute that the plaintiff *was* the real party in interest at the time the action was filed, defendant contends that the sale of the property automatically transfers the right to recover for the injury which undeniably occurred to plaintiff. In that regard, we note that throughout its brief, defendant attempts to argue that while plaintiff might have been able to continue to seek for recovery for other damages, had they been pleaded, she cannot recover for "injury to the property." Defendant apparently assumes the injury to property is or should be considered analogous to covenants which run with the land. Again, however, defendant cites no authority for the rather novel theory.

The *cause of action* for damages as a result of injury to property, which was fully vested in plaintiff at the time of the injury, is personal property—not real property. (Civ. Code, § 953: "A thing in action is a right to recover money or other personal property by a judicial proceeding"; see also Civ. Code, § 14, subd. 3; Code Civ. Proc., § 17, subd. 3.) The right to recover damages for injury to property, being personal property, may be assigned or transferred. (Civ. Code, § 954: "A thing in action, arising out of the violation of a right of property . . . may be transferred by the owner"; *Auslen* v. *Thompson* (1940) 38 Cal.App.2d 204, 214 [101 P.2d 136]). There is no authority, however, for the proposition that the transfer of the real property automatically transfers plaintiff's personal cause of action.[3] ▮ To the

---

[3] In response to a request for additional briefing on the issue of whether a sale of the real property automatically transfers the cause of action, defendant contended that it did and relies on *Credit Managers Assn.* v. *National Independent Business Alliance* (1984) 162 Cal.App.3d 1166 [209 Cal.Rptr. 119]. This case is not relevant, however, because in that case there had been an express assignment of a company's assets, which included existing causes of action. Here there is no evidence of an express assignment of the cause of action. *Plummer*

contrary, a party can transfer or assign the right to recover for damages to the property without also conveying title to the property (*Stapp* v. *Madera Canal & Irr. Co.* (1917) 34 Cal.App. 41, 46-47 [166 P. 823]; *Staley* v. *McClurken* (1939) 35 Cal.App.2d 622, 626-627 [96 P.2d 805].) Similarly, in this case, plaintiff had the right to convey the real property but retain her cause of action for damages from defendant's defective construction.[4]

Defendant also contends that the purpose of the requirement that all actions be brought in the name of the real party in interest supports the entry of judgment in its favor. We disagree. ■ The primary purpose underlying the requirement that an action be brought in the name of the real party in interest is to protect a defendant from a multiplicity of suits and the further annoyance and vexation at the hands of other claimants *to the same demand*. (*Powers* v. *Ashton, supra*, 45 Cal.App.3d 783, 788.) ■ Here, there is no concern of a multiplicity of lawsuits from other claimants to the same demand. No one other than plaintiff can recover for the damages she sustained as owner of the property at the time the injury occurred. The fact that the property was sold after the damage occurred does not mean the new owners are now the parties entitled to recover for the damage suffered by plaintiff while she was the owner. In order for the new owners to maintain an action, they would first have to establish damage to their interests in the property. If, as plaintiff's counsel represents, the new owners bought the property with full knowledge of the defective construction and presumably paid no more than the fair market value of the property in its defective condition, there is little likelihood that the new owners would or could assert the same claim as plaintiff.[5]

As the person who sustained the damage, the cause of action was vested in plaintiff and she is therefore the real party in interest entitled to maintain the present action. The subsequent sale of the real property did not automatically assign or transfer her cause of action. Accordingly, the court erred in granting summary judgment.

---

v. *Brown* (1884) 64 Cal. 429 [1 P. 703], cited by the court in *Credit Managers Assn.*, is also of no assistance. In that case, plaintiffs sought to impose a trust on certain land and to have title conveyed to them. *Defendant's grantees* were properly substituted in as they were the parties interested in retaining title to the property. Again, this case does not address whether a *cause of action for damages* is transferred with the property

[4] Moreover, even if we were to assume the cause of action was transferred, defendant would not be entitled to summary judgment. Code of Civil Procedure section 385 specifically provides that, in that instance, the action does not abate and may be continued in the name of the original party or in the name of the transferee.

[5] Defendant's reliance on *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224 [74 Cal.Rptr. 749], for the proposition that the new owners can sue for strict liability and negligence against the original builders is misplaced and fails to take into consideration that the plaintiffs in that case were allowed to maintain the action not because they were the current owners of the property but because they were the parties who suffered the injury as a result of the defective construction.

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

Timlin, J., and McDaniel, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied October 25, 1990.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council