[No. B114327. Second Dist., Div. Four. May 1, 2002.]

ELEANOR C. MAYER et al., Plaintiffs and Appellants, v.
C.W. DRIVER et al., Defendants and Appellants;
ACACIA CONSTRUCTION, INC., Defendant and Respondent.

**COUNSEL**

Shernoff, Bidart, Darras & Arkin and Sharon J. Arkin for Plaintiffs and Appellants.

Everett W. Maguire Law Corporation, Everett W. Maguire; Jeffrey D. Pearlman; Lincoln, Gustafson & Cercos, Randall Gustafson and Andrew D. Herold for Defendants and Appellants.

Wood, Smith, Henning & Berman, Stephen J. Henning, Anthony H. Son and Stacey Friedman Blank for Defendant and Respondent.

OPINION

VOGEL (C. S.), P. J.—

INTRODUCTION

In 1984 and 1985, respondents C.W. Driver, a partnership, and C.W. Driver, Inc., a corporation (collectively Driver) constructed an apartment building in Orange County for Huntington Breakers Apartments, Ltd., a limited partnership (HBAL). At the time, appellant Joseph Mayer III (Mr. Mayer) was a general partner of HBAL, and appellant Eleanor C. Mayer, his wife (Mrs. Mayer), was a limited partner. In 1985 Driver stopped work and sued HBAL and Mr. Mayer individually as general partner for payment of money due and foreclosure of a mechanic's lien (the Driver action). HBAL, the Mayers, and other partners cross-complained for construction defects. In 1986 HBAL assigned its rights in "the lawsuit" (the then pending Driver action) "and all successor and replacement actions and suits" to the individual partners, but in the same document those individual partners appointed another entity, Huntington Breakers Managing Partnership (HBMP), irrevocably and coupled with an interest, as their attorney-in-fact having authority to take all actions in connection with "the lawsuit."

The dispute was submitted to arbitration under the terms of the construction contract. Driver obtained an award against HBAL and Mr. Mayer as general partner; HBAL, through HBMP, settled with Driver over Mr. Mayer's objection; the Mayers attempted to continue prosecuting their cross-complaint in the Driver action in their own names. Ultimately, Driver obtained a judgment against HBAL and Mr. Mayer as general partner consistent with the settlement agreement and a judgment against the Mayers on their cross-complaint in the Driver action.

In 1995 the Mayers as individuals filed the *present* action, purportedly as assignees of HBAL, for latent construction defects discovered in the preceding three years, against Driver and others. By nonjury bifurcated trial on Driver's affirmative defense, the court found that the Mayers have no standing to bring the present action. The court found (1) the Mayers have no standing as partners of HBAL, (2) they did not prove an oral assignment, and (3) although the present action is a "successor and replacement action" within the meaning of the 1986 assignment of HBAL's interest in the Driver action, the Mayers are bound by their appointment of HBMP, irrevocably and coupled with an interest, as their attorney-in-fact for the purpose of pursuing or not pursuing this action.

The Mayers appeal from the judgment. Relying on the 1986 assignment to them of HBAL's interests in the Driver action and successor actions, they

contend that the present action is a successor and replacement action to the Driver action, but that their appointment of HBMP as their attorney-in-fact was not binding. They assert that the appointment was not irrevocable or coupled with an interest, or that they revoked this appointment, or that they have standing even if bringing the present action violated their agreement to such appointment. They also contend they have standing independent of the 1986 assignment. Driver cross-appeals from postjudgment orders denying Driver's motions to change one of the findings in the statement of decision and for an award of contractual attorney fees. Driver contends the trial court should have found the present action is not a successor to the Driver action, or, if the present action is a successor action, the court should have awarded Driver contractual attorney fees.

We affirm the judgment. The present action is *not* a successor and replacement of the Driver action. Although the trial court erroneously concluded it is a successor action, the trial court reached the correct result that the Mayers lack standing under the 1986 assignment or any other basis; therefore, the trial court's *judgment* will be affirmed. The trial court also reached the correct conclusion Driver is not entitled to attorney fees in the present action.

### FACTUAL AND PROCEDURAL BACKGROUND

HBAL was formed in 1983 for the purpose of developing real property. The general partners were Mr. Mayer and Wilmore City Development, Inc., a corporation, of which Steven Semingson was president. The limited partners were Mrs. Mayer, Rose Marie Semingson, and Daniel Young.

In May 1984, HBAL contracted with Driver for construction of a 342-unit apartment complex. A certain guarantee and indemnity agreement in favor of Driver was executed by Mr. Mayer, Steven Semingson, and Daniel Young, each individually and on behalf of HBAL, and by Mrs. Mayer and Rose Marie Semingson, each individually.

In August 1985, a first amended and restated agreement of limited partnership added a new limited partner, Pacifica, reformulated the percentage interests of various partners, and named HBMP to function as the managing general partner.[1] HBMP as managing general partner had exclusive control of the day-to-day business affairs of the partnership and exclusive rights and powers of a general partner. HBMP obtained a 1 percent ownership interest.

In October 1985 Driver filed a mechanic's lien claim, and in December 1985 filed the Driver action, a complaint against HBAL and its partners and

---

[1]HBMP was managed by a committee consisting of Mr. Semingson, Mr. Young, and Mr. Mayer, with decisions made by a two-thirds vote.

guarantors to foreclose a mechanic's lien and to compel arbitration pursuant to the arbitration agreement in the construction contract. HBAL and its partners and guarantors filed a cross-complaint, essentially for breach of contract and defective construction. The Driver action was in arbitration between March 1986 and October 1990. The arbitration award was in favor of Driver on its claim and against the cross-claimants.

During proceedings to confirm the arbitration award, a settlement was reached by parties other than the Mayers, in which Driver would obtain judgment against HBAL, and the others would dismiss their cross-complaint in the Driver action. HBMP agreed to the settlement over Mr. Mayer's dissenting vote. Driver moved to enforce the settlement agreement and obtained judgment thereon in December 1993. The Mayers refused to dismiss their cross-complaint in the Driver action, and in August 1994 the Orange County Superior Court ordered summary judgment in favor of Driver on the cross-complaint as to the Mayers. The Mayers appealed the judgments enforcing the settlement agreement and against them on their cross-complaint. Ultimately, in June 1997, these judgments were affirmed on appeal by the Court of Appeal for the Fourth Appellate District, Division Three.

While the Driver action was in arbitration, HBAL was reorganized in order to bring in capital and a new partner, the August Income/Growth Fund VIII (August), pursuant to the second amended and restated agreement of limited partnership of December 31, 1986. August became the managing general partner with exclusive control of the day-to-day affairs of HBAL. August did not wish to become involved in the Driver action. To meet August's requirements, an assignment of HBAL's interest in the Driver action was concurrently executed on December 31, 1986. This is the assignment on which the Mayers primarily rely on this appeal.

The December 31, 1986 assignment provides as follows: The assignment is by HBAL as assignor, to the following assignees: Wilmore City Development, Inc., Mr. Mayer, Mrs. Mayer, Rose Marie Semingson, HBMP, and Daniel Young. It recites, "Assignor [HBAL] is a party to that certain legal action (the 'Lawsuit') described as C.W. Driver v. Huntington Breakers Apartments, Ltd., et al., Orange County Superior Court No. 477394, American Association [A]rbitration No. 72 110 1122 85, and all successor and replacement actions and suits," and "August . . . is negotiating to purchase a general partnership interest in Assignor," and "Assignor and Assignee desire to enter into this Assignment to provide for the transfer of all of Assignor's right, title and interest in and to the Lawsuit prior to the admission of August to Assignor." Therefore, for valuable consideration, "Assignor hereby assigns, transfers and conveys to Assignee all of Assignor's

right, title and interest in and to the Lawsuit, with each Assignee receiving [designated percentages of] undivided interest in the Lawsuit." "The parties acknowledge and agree that the Lawsuit may be a liability or an asset and that Assignor makes no representations as to the value of the Lawsuit." "In consideration of such assignment, Assignee[s] (and each of the persons constituting Assignee, jointly and severally) agree[] to indemnify, defend, protect and hold Assignor and August harmless from and against any and all losses, damages, claims, obligations, liabilities and expenses (and all actions, proceedings, judgments and attorneys' fees incident thereto) arising from or relating to the Lawsuit, the mechanics liens and any other claims which form the basis thereof, and the obligations of Assignor under this Assignment." "Each Assignee hereby irrevocably appoints and constitutes HBMP as its true and lawful attorney-in-fact in connection with the Lawsuit, in his, her, or its name, place and stead to take all actions that said attorney-in-fact deems necessary, desirable or appropriate in connection with the Lawsuit, including but not limited to the right to settle or compromise the Lawsuit or the issues contained therein. It is expressly intended by each Assignee that this appointment is irrevocable and coupled with an interest."[2]

In May 1995, the Mayers in propria persona filed the present action. In their original complaint they alleged that HBAL "assigned its rights regarding this action to plaintiffs as reflected in the assignment dated December 31, 1986," which was attached as an exhibit. They alleged they had revoked the attorney-in-fact provision of that assignment. After a demurrer and after obtaining counsel, they alleged, in the operative second amended complaint, only generally that HBAL "assigned to plaintiffs all its rights and interest with respect to the claims being set forth herein."

The Mayers sued Driver and numerous other contractors or subcontractors involved in construction of the Huntington Breakers apartment project.[3] In a first cause of action for strict liability, the Mayers alleged that within the past three years (i.e., 1992-1995) they discovered the project has certain designated construction defects, not previously known or apparent by reasonable inspection. A second cause of action asserted negligence. The third and fourth causes of action alleged breach of implied warranty of merchantability and fitness. A fifth cause of action asserted the Mayers suffered emotional distress as a result of these deficiencies.

The trial court conducted a bifurcated nonjury trial on the issue of the Mayers' standing to bring this action. The parties submitted original and

---

[2] The assignment expressly included an assignment to HBMP of a 1 percent undivided interest in "the Lawsuit."

[3] Acacia Construction, Inc., is a party to this appeal. It simply joins in Driver's respondents' brief. The other named defendants are not parties on appeal.

supplemental trial briefs on the standing issue. The Mayers asserted (1) Mr. Mayer as a general partner of HBAL had a personal stake in the action sufficient to support standing, (2) HBAL assigned its rights to them as individuals in the 1986 assignment, and the appointment of HBMP as attorney-in-fact was not irrevocable or did not defeat their standing, and (3) the current managing general partner of HBAL orally assigned the causes of action to the Mayers. Driver contended (1) the Mayers have no standing as individuals to assert rights of HBAL, (2) the appointment of HBMP as attorney-in-fact in the 1986 assignment was irrevocable, and (3) there was no oral assignment.

After conducting a trial upon testimonial and documentary evidence, the trial court issued a tentative statement of decision finding that (1) the Mayers have no standing as partners or based on their stake in the litigation, (2) the Mayers did not prove an oral assignment, and (3) although "this lawsuit qualifies as a 'successor and replacement' action and therefore was assigned to the Mayers in the 1986 written assignment," the Mayers cannot revoke their appointment of HBMP as their attorney-in-fact having the controlling authority to decide whether or not to bring this action.

After the trial court directed Driver to prepare a proposed statement of decision, Driver proposed language that "Even assuming that this action is [somehow] a 'successor and replacement' action to the 1985 Driver lawsuit and arbitration," the Mayers lack standing because of the irrevocable appointment of HBMP as attorney-in-fact. The Mayers objected that this did not reflect what the court had actually decided. The court did not adopt Driver's proposed statement of decision but rather adopted its tentative statement as its statement of decision.

After the Mayers moved for a new trial, Driver moved the court pursuant to Code of Civil Procedure section 662 to change its statement of decision and find that this action is not a successor and replacement action within the meaning of the 1986 assignment. Driver also moved to be awarded attorney fees, based on the guarantee executed by the Mayers. After receiving opposition by the Mayers, the court denied Driver's motions to change the statement of decision and to award contractual attorney fees.

The Mayers appeal from the judgment. Driver appeals from the postjudgment orders denying the motion to change the statement of decision and denying attorney fees.

## The Mayers' Appeal

*The Mayers Lack Standing Under the 1986 Assignment, Because the Present
Action Is Not a Successor and Replacement of the 1985 Driver Action*

The Mayers argued, and the trial court agreed, that the present
action is a successor and replacement action within the meaning of the 1986
assignment, and therefore the right to bring it was assigned to the Mayers
and other assignees in that document. On their appeal the Mayers argue the
trial court thereafter erred by concluding the Mayers' appointment, in the
same document, of HBMP as their attorney-in-fact precluded their standing.

Driver contends the initial premise in the Mayers' argument is wrong;
Driver contends the present action is *not* a successor and replacement of the
1985 Driver action, thus the 1986 assignment does not apply, and therefore
the Mayers have no standing as assignees under the 1986 assignment, aside
from the irrevocable appointment issue. Even without having cross-appealed
regarding the trial court's statement of decision on this issue, Driver could
properly raise this argument in its capacity as respondent on the Mayers'
appeal; in response to the Mayers' appeal Driver may and does show the trial
court reached the right result (judgment against the Mayers) even if on the
wrong theory. (Code Civ. Proc., § 906; 9 Witkin, Cal. Procedure (4th ed.
1997) Appeal, §§ 326-327, pp. 367-368.)

This issue involves interpretation of written documents. Unless reso-
lution depends on the credibility of conflicting extrinsic evidence, the inter-
pretation of a writing involves a question of law for de novo review by the
appellate court. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861,
865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) We exercise our de novo review,
rather than substantial evidence review, because the Mayers fail to show the
trial court's decision was based on credibility of conflicting extrinsic evi-
dence. (*Appleton v. Waessil* (1994) 27 Cal.App.4th 551, 556 [32 Cal.Rptr.2d
676].) The trial court's statement of decision recites that it is based on
undisputed facts.

The present action is to recover damages for latent defects in the apart-
ment project's construction that, according to the Mayers' own allegations,
were first discovered in the 1992-1995 period immediately preceding filing
and were not previously known or apparent upon reasonable inspection. The
right to recover for such defects, absent assignment, would naturally be held
by the owner of the project, the HBAL partnership.

The Mayers contend, however, that the right to recover for such
defects was assigned by HBAL in the 1986 assignment. What was assigned

in the 1986 assignment is determined primarily by its language and also by the surrounding circumstances. (Civ. Code, §§ 1638, 1647.) The 1986 assignment assigned HBAL's "right, title and interest in and to the Lawsuit." "The Lawsuit" was defined as "that certain legal action" identified by its title, C.W. Driver v. Huntington Breakers Apartments, Ltd., et al., and its superior court and arbitration numbers, "and all successor and replacement actions and suits."

At the time, the Driver action was a known piece of litigation that had been ordered into arbitration. The assignor and assignees knew or were bound to know the claims asserted on both sides. The present case, on the other hand, involves construction defects that were unknown at the time of the 1986 assignment and not apparent by reasonable inspection. The Mayers would interpret the 1986 assignment as if HBAL had assigned to the individual assignees all causes of action that HBAL had or might have in the future, known and unknown, so long as they arose from the construction of the project. There is no such language in the assignment itself. There is only a reference to "successor and replacement actions and suits" in the definition of "the Lawsuit."

The Mayers' argument that this action is a successor and replacement action merely because it also arises from the initial construction of the project unduly stretches the ordinary meaning of "successor and replacement actions and suits." ■ A successor is " 'one who takes the place that another has left, and sustains the like part or character.' " (*Perez v. 222 Sutter St. Partners* (1990) 222 Cal.App.3d 938, 948 & fn. 8 [272 Cal.Rptr. 119], italics omitted; Black's Law Dict. (6th ed. 1990) p. 1431.) ■ "Replace" means to supplant with a substitute or equivalent. (Black's Law Dict., *supra*, p. 1299.) ■ The present action does not replace the Driver action nor does it partake of the same character. The present action does not succeed or take the place of the Driver action, because the Driver action specifically identified in the assignment was still pending (on appeal by the Mayers from judgments of the Orange County Superior Court) when this action was filed in 1995. The present action does not partake of the same character as the Driver action, because it is based on different construction defects that were not known or knowable at the time of the 1986 assignment, and the 1986 assignment did not include all causes of action known and unknown that might arise in the future.

A more reasonable interpretation of "successor and replacement actions and suits" is derived from the circumstances existing at the time of the 1986 assignment. The Driver action was then in arbitration. The parties to the assignment would reasonably anticipate subsequent actions or suits to confirm or challenge the award of the arbitrators. Those types of proceedings

would fit the ordinary meaning of successor and replacement actions or suits. The present action does not.

*Because the 1986 Assignment Does Not Apply, the Mayers' Other Arguments Concerning Their Appointment of HBMP as Attorney-in-Fact Are Moot*

Based on their assumption that the 1986 assignment assigned to them an interest in prosecuting this action as a successor of the Driver action, the Mayers offer numerous arguments why their appointment in the same document of HBMP as their attorney-in-fact for the purpose of prosecuting such a successor action should not preclude their standing as assignees.[4] Because we conclude this is not a successor and replacement action of the Driver action, and thus the 1986 assignment did not in the first place assign to the individual assignees the right to bring *this* action, all these issues regarding the Mayers' appointment of HBMP as attorney-in-fact for that purpose are moot. We need not consider the Mayers' arguments on these points or Drivers' contention that they were conclusively resolved against the Mayers in prior litigation that is now final and collaterally estops the Mayers' argument.

*The Mayers Lack Standing in Their Individual Capacity Independent of Assignment*

The Mayers offer an alternative theory of standing in their individual capacity. They misplace reliance on *Vaughn v. Dame Construction Co.* (1990) 223 Cal.App.3d 144 [272 Cal.Rptr. 261]. There, a condominium owner sued the builder for damages for defective construction. While the suit was pending, she sold the condominium. The builder argued the plaintiff no longer had standing to continue the suit. The appellate court rejected this argument. It held the plaintiff had indisputably suffered damage to her

---

[4]The Mayers argue: (1) the appointment was revocable because the power of the agent was not proved to be coupled with the necessary sort of interest, (2) the appointment was revocable because the power and the interest did not arise from the same source at the same time, (3) the Mayers revoked the appointment and did not engage in conduct inconsistent with revoking the appointment, (4) HBMP renounced the appointment and authorized the Mayers to sue, (5) the Mayers can revoke the appointment of HBMP in the assignment while at the same time asserting the benefit of the assignment, (6) the Mayers can revoke their appointment of HBMP despite the simultaneous appointment of HBMP by all of the assignees, and (7) the Mayers can assert their own rights as assignees even if doing so violates their agreement appointing HBMP, relegating HBMP to an action against them for damages for violating their agreement. The Mayers also contend that if they lack standing as assignees because they irrevocably appointed HBMP as their attorney-in-fact for that purpose, the trial court should·have substituted HBMP as the true plaintiff instead of rendering a judgment in favor of Driver.

property before transferring it, and the subsequent sale of the property did not automatically assign or transfer her cause of action for damages. (*Id.* at p. 149.)

The Mayers contend Mr. Mayer as general partner had a property interest in the HBAL partnership property that was damaged by Driver's defective construction before the transfer of control of the partnership to August and the assignment of HBAL's interest in the Driver action. They argue, "If plaintiffs' partnership property interests were damaged prior to transfer, *Vaughn* provides that plaintiffs retain the right to sue for that damage, irrespective of any later transfer of the interest."

This argument fails because of an error in its underlying premise. The property was the partnership's. The Mayers could not have sued individually for damage to their individual "beneficial interest" in partnership property even under the initial agreement of limited partnership. The Mayers point out that as a general partner in a limited partnership, Mr. Mayer had the same rights as a partner of a partnership without limited partners (Corp. Code, §§ 15509, 15643), and, under former Corporations Code section 15025, subdivision (1), "[a] partner is coowner with the other partners of specific partnership property holding as a tenant in partnership."[5] This is the basis of the Mayers' argument that Mr. Mayer had an individual property interest in the partnership property, and that "his" property interest was damaged before any transfer. But he as an individual partner could not have sued Driver, an outsider, for damage to "his" beneficial interest in the partnership property. (*Tinseltown Video, Inc. v. Transportation Ins. Co.* (1998) 61 Cal.App.4th 184, 197-200 [71 Cal.Rptr.2d 371]; *Bartlome v. State Farm Fire & Casualty Co.* (1989) 208 Cal.App.3d 1235, 1239-1242 [256 Cal.Rptr. 719].) Thus the Mayers are not like the plaintiff in *Vaughn* who owned the property before transfer and who was clearly entitled at that time to sue for damages in her own name.

*Vaughn* is further distinguishable because there the original owner discovered and sued for the construction defects before transferring the property. The court held the sale of the property did not automatically transfer or assign the cause of action. Here, the construction defects alleged were not

---

[5]This is no longer the statutory rule under the Uniform Partnership Act enacted in 1996. (Corp. Code, § 16501 ["A partner is not a coowner of partnership property and has no interest in partnership property that can be transferred, either voluntarily or involuntarily."]; see *Munkdale v. Giannini* (1995) 35 Cal.App.4th 1104, 1111, fn. 6 [41 Cal.Rptr.2d 805] [" 'Although stating that each partner is a co-owner of the partnership property, [(former § 15025)] systematically destroys the usual attributes of ownership . . . . Functionally, despite the literal language, the partnership owns its property and the partners do not. The Act would be better if it conceded this rather than accomplishing it by indirection.' " (italics omitted)].)

known or discoverable until the 1992-1995 period preceding filing of the Mayers' suit. This was after the transfer. If the plaintiff Vaughn had sold the property before she or the buyer were aware of the construction defects, the *Vaughn* court might have concluded only the buyer suffered damage. (*Vaughn v. Dame Construction Co., supra*, 223 Cal.App.3d at p. 149 & fn. 5.)

### *The Trial Court Was Not Required to Substitute HBMP for the Mayers as an Alternative to Rendering Judgment Against the Mayers*

Finally, the Mayers contend that if they lack standing because in the 1986 assignment they irrevocably appointed HBMP as their attorney-in-fact, the trial court should have substituted HBMP as plaintiff in place of the Mayers, instead of rendering a judgment in favor of Driver against the Mayers. This contention lacks merit.

This contention could be rejected as moot (see fn. 4, *ante*) because, given our view that the present action is not a successor and replacement action of the 1985 Driver action and therefore the 1986 assignment does not apply in the first place, it would be illogical for us to direct the trial court to substitute HBMP in the Mayers' place to continue this suit pursuant to that assignment.

But even assuming that our conclusion would not necessarily be binding on HBMP, which is not a party to this appeal, and which might want to contend that it can proceed under the 1986 assignment, the Mayers' suggestion is inappropriate and unnecessary because in light of related developments HBMP can assert its own interests without the Mayers' help.

We take judicial notice of the following background facts from our opinion (*Mayer v. C.W. Driver* (July 24, 1998, B111160) [nonpub. opn.]) on HBMP's prior appeal of the trial court's denial of its motion to intervene in the Mayers' trial of this very case. Nine days before the bifurcated trial on the issue of standing in this case, HBMP filed a motion to intervene, seeking to supplant and replace the Mayers as plaintiff in this case, on the ground that under the 1986 assignment HBMP, not the Mayers, had authority from HBAL to prosecute this action. Without reaching any merits, the trial court denied HBMP's motion to intervene as untimely; HBMP appealed the denial of its motion to intervene. Meanwhile the trial court proceeded to trial and judgment against the Mayers without HBMP's participation. While the Mayers' appeal of the present judgment was pending, we decided HBMP's appeal. We held the trial court erred in denying HBMP's motion to intervene, because HBMP had a *right* to intervene. Without determining the merits of the successor action or irrevocable appointment issues, we said HBMP's claim directly conflicted with the Mayers' claim; each was

asserting the exclusive right to prosecute this supposed successor and re-placement action; therefore, HBMP had a right to intervene to protect its interest in the potential judgment, which conflicted with the Mayers' interest. We reversed the order denying leave to intervene and directed the trial court to grant it. We noted, "The fact that the underlying action has in the meantime been resolved against the original plaintiffs Mayer does not prevent consideration of HBMP's complaint-in-intervention." (*Poehlmann v. Kennedy* (1874) 48 Cal. 201, 207-208; *Deutschmann v. Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 916-917 [183 Cal.Rptr. 573].)

Thus, pursuant to our disposition of HBMP's prior appeal, HBMP will, as noted by Driver, "have a chance to assert its own alleged claims in its own complaint in intervention, not as an added party to the Mayers' second amended complaint."

## DRIVER'S CROSS-APPEAL

### *Driver Is Not Entitled to Attorney Fees*

Driver contends that *if* the Mayers and the trial court were correct that the present action *is* a successor and replacement of the Driver action, *then* Driver should be entitled to its attorney fees as prevailing party in this action, for the same reasons that Driver was entitled to and was awarded its attorney fees *in* the Driver action. Because we agree with Driver, however, that the present action is *not* a successor and replacement of the Driver action, the trial court reached the right result in denying Driver's request for attorney fees. In the trial court, Driver's counsel, Mr. Maguire, conceded, "[I]f it is not a successor-replacement action, we don't get attorneys' fees. There is no question about it. It is one or the other. We don't expect to get it both ways." At oral argument in this court, Driver's counsel, Mr. Pearlman, reiterated that if this court agrees with Driver that the present action is *not* a successor/replacement action, then Driver concedes its claim for attorney fees.

### *Although Driver Correctly Contends the Trial Court Should Have Found This Is Not a Successor and Replacement of the Driver Action, It Is Unnecessary to Direct the Trial Court to Modify Its Statement of Decision*

As noted previously, the trial court's statement of decision found that the present action is a successor and replacement of the Driver action within the meaning of the 1986 assignment. The trial court nevertheless found the Mayers lack standing as assignees because they irrevocably appointed

HBMP as their attorney-in-fact with the exclusive power to determine whether or not to prosecute this action. Therefore, the *judgment* rendered by the trial court was that the Mayers take nothing by their complaint.

After the Mayers moved for a new trial, Driver moved the trial court pursuant to Code of Civil Procedure section 662 to change that portion of the statement of decision finding that this is a successor and replacement action.[6] The trial court denied Driver's motion. Driver cross-appeals from the order denying attorney fees and "from the post-judgment orders relevant to the Judgment . . . including . . . [t]he order of July 16, 1997, denying Defendants' . . . Motion to Change Certain Portions of the Court's Statement of Decision (Judgment)."

Although the judgment that the Mayers take nothing is favorable to Driver, Driver expresses concern that if Driver left unchallenged the trial court's finding, then HBMP, in pursuing its complaint-in-intervention (see pp. 61-62, *ante*), could assert that finding against Driver. We conclude Driver's concern is legitimate, and that Driver's procedure for attacking that finding was appropriate.

The Mayers argue Driver was required to move for a new trial. This is not so. Code of Civil Procedure section 662 (fn. 6, *ante*) authorizes the court to change its statement of decision after either party moves for a new trial. (*Oliver v. Boxley* (1960) 181 Cal.App.2d 471, 476, 477 [5 Cal.Rptr. 468]; *Hontou v. Orvis* (1941) 42 Cal.App.2d 585, 589 [109 P.2d 395].) The statute was enacted to give a trial court, in an action tried without a jury, "the broad power to change its findings and to modify its judgment and thus avoid the necessity of a new trial." (*Spier v. Lang* (1935) 4 Cal.2d 711, 714 [53 P.2d 138].) Driver's motion was appropriate after the Mayers moved for a new trial.

The trial court denied Driver's request. Driver could appeal from that order as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Bowden v. Green* (1982) 128 Cal.App.3d 65, 68 & fn. 1 [180 Cal.Rptr. 90].)

As is apparent from our discussion of the successor and replacement issue in connection with the Mayers' appeal, *ante*, pages 57-59, we agree with

---

[6]That section provides, "In ruling on such motion [a motion for a new trial], in a cause tried without a jury, the court may, on such terms as may be just, *change or add to the statement of decision*, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the statement of decision and judgment and reopen the case for further proceedings . . . ." (Code Civ. Proc., § 662, italics added.)

Driver on the merits. The Mayers lack standing under the 1986 assignment because the present action is not a successor and replacement of the Driver action. The trial court erroneously found to the contrary in its statement of decision, but reached the correct result (the Mayers lack standing) by a different process of reasoning.

The next question, then, is the proper disposition of these appeals. Driver correctly challenges this specific finding, and we could reverse the trial court's order denying Driver's motion under Code of Civil Procedure section 662, and direct the trial court to change the statement of decision. But we conclude this would impose a needless burden on the trial court. Although the reasoning in the statement of decision was not entirely correct, the ultimate decision (the Mayers lack standing) and the *judgment* (the Mayers take nothing by their complaint) are correct. ■ A fundamental principle of appellate review is that a judgment correct in law will not be reversed merely because given for the wrong reason; we review the trial court's judgment, not its reasoning. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 340, pp. 382-383; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330 [48 P. 117]; *Mayflower Ins. Co. v. Pellegrino* (1989) 212 Cal.App.3d 1326, 1332 [261 Cal.Rptr. 224].)

■ Driver's concern that the trial court's finding might be given collateral estoppel effect against Driver in litigation on HBMP's complaint-in-intervention is satisfied by this opinion, which adjudicates that the trial court's finding was erroneous. Our opinion prevails over the opinion of the lower court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) If an adverse party subsequently attempts to assert against Driver the prior finding by the trial court, Driver need only point out that the finding was expressly disapproved on this appeal. (7 Witkin, Cal. Procedure, *supra*, Judgment, § 358, p. 922; *Tevis v. Beigel* (1957) 156 Cal.App.2d 8, 14 [319 P.2d 98].)

Thus, although Driver has the meritorious position on its cross-appeal of the refusal to modify the statement of decision, it is unnecessary for the trial court to create a new document amending its statement of decision. This opinion satisfies the desired purpose. The *remedy* initially sought by Driver, an amendment to the statement of decision, is rendered moot by this opinion's resolution of the successor action issue. Because the judgment itself is correct, the proper disposition on appeal is an affirmance of the judgment.

#### Disposition

The judgment and the order denying attorney fees are affirmed. The appeal from the order denying the motion to change the statement of

decision is dismissed as moot. On the Mayers' appeal, costs on appeal are awarded to respondents Driver and Acacia. On Driver's appeal, costs on appeal are awarded to Driver in the interests of justice.

Epstein, J., and Curry, J., concurred.

The petition of plaintiffs and appellants for review by the Supreme Court was deniend August 14, 2002.