In re: A.S. ACQUISITION CORPORATION, Debtor.

Alfred Pollard and Breathe-Ez Limited, Plaintiffs,

and

Brian Elfman, individually, Plaintiff—Appellant,

v.

A.S. Acquisition Corporation, et al., Defendants–Appellees.

Nos. 99–16928, 01–15570.
D.C. Nos. CV–98–20080–JF, CV–00–20115–JF.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2003.*

Decided Feb. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**416**

Before TROTT, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Brian Elfman attempts to appeal, as an individual, from orders entered by a bankruptcy court allowing the trustee to transfer assets of A.S. Acquisition Corp., a Chapter 7 debtor. Breathe–Ez Limited, a limited partnership, granted a license to A.S. Acquisition Corp. The bankruptcy court allowed this license to be transferred, along with the other assets of A.S. Acquisition Corp.

These appeals were initially brought on behalf of Breathe–Ez by Al Pollard, the court-appointed wind-up partner for Breathe–Ez (which was itself in dissolution). Pollard and Breathe–Ez voluntarily dismissed these appeals. Elfman was allowed to reinstate these appeals as an individual and not on behalf of Breathe–Ez. The bankruptcy trustee, Suzanne L. Decker, challenges Elfman's standing to bring these appeals.

To have standing to appeal a bankruptcy order, an "appellant must be a 'person aggrieved' by the bankruptcy court's order." *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir.1999). "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." *Id.* (quoting *Fondiller v. Robertson*, 707 F.2d 441, 442 (9th Cir.1983)).

Elfman does not have standing because he is not an aggrieved party. Although Elfman characterizes himself as Breathe–Ez's "managing partner for wind up," he is, in fact, only a limited partner of that organization. As a limited partner, he

"has no interest in specific partnership property." Cal. Corp.Code § 15671. The bankruptcy order affected the *partnership's* property: the license that the partnership owned and granted to the debtor. Elfman has no interest in this property. And the bankruptcy court's order did not affect Elfman's personal interest in the limited partnership; Elfman's share of the partnership remains the same. As an individual, Elfman has no standing to appeal the bankruptcy court's order. *Cf. Mayer v. C.W. Driver*, 98 Cal.App.4th 48, 60, 120 Cal.Rptr.2d 535 (Cal.Ct.App.2002) (holding that a partner has no standing to sue in his individual capacity for damage caused to partnership property).

Appeals DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.