Filed 12/16/15  Campbell v. Hyundai Motor America CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| DANIEL CAMPBELL, | B260298 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC482008) |
| v. | |
| HYUNDAI MOTOR AMERICA, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Reversed.

Beatty & Myers, Sean D. Beatty, John W. Myers IV, Kenneth R. Shy; Bowman and Brooke, and Brian Takahashi for Defendant and Appellant.

The Barry Law Firm, David N. Barry; Rosner, Barry & Babbitt, Hallen D. Rosner and Kendra J. Woods for Plaintiff and Respondent.

_____

Daniel Campbell dismissed his complaint against Hyundai Motor America after the company replaced his 2011 Hyundai Elantra with a new 2012 Elantra. The trial court denied Campbell's motion for attorneys fees, filed several months later, on the ground it lacked jurisdiction because the complaint had been dismissed pursuant to the terms of the settlement agreement. The court thereafter granted Campbell's motion to set aside the dismissal and subsequently awarded Campbell $36,606 in attorney fees. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2012 Campbell filed a complaint against Hyundai under the provisions of the Song-Beverly Consumer Warranty Act, Civil Code section 1790 et seq., known as the "lemon law." (*Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 485.) In November 2012 the parties settled the matter: Hyundai agreed to replace Campbell's 2011 Hyundai Elantra with a new 2012 vehicle, and Campbell agreed to dismiss his complaint. The settlement agreement provided Campbell's attorney was entitled to move for statutory attorney fees and costs and Campbell would be deemed the prevailing party for purposes of the fee motion. Hyundai, however, "retain[ed] all rights, defenses and legal challenges to said claim for attorney's fees/costs . . . ."

On April 10, 2013, a month after Hyundai had provided Campbell with a new car, Campbell filed a request for dismissal with prejudice; and the case was dismissed. On April 15, 2013 Campbell filed a memorandum of costs, but the court rejected it. According to an entry in the Los Angeles Superior Court case summary, "Daniel Campbell is not a prevailing pa[r]ty. Case has been dismissed by Plaintiff on 4/10/13."

On October 23, 2013 Campbell moved for statutory attorney fees in the amount of $37,687.50. Campbell contended he had originally sought $15,012.50, reflecting a 10% discount from incurred fees of $16,625, but Hyundai had rejected all efforts to compromise the parties' dispute over the amount. Hyundai opposed the motion, primarily on the ground the amount sought by Campbell was unreasonable. In a short argument at the end of its brief, Hyundai also contended the court did not have jurisdiction to determine the attorney fees issue because the settlement agreement, although providing Campbell was entitled to move for attorney fees, failed to expressly

2

state the court retained jurisdiction after dismissal of the action. (See Code Civ. Proc., § 664.6 ["If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."].)[1] In February 2014 the court denied the attorney fee motion on the ground it lacked jurisdiction to hear it.

On June 13, 2014 Campbell moved to set aside the April 10, 2013 dismissal, contending his attorney had dismissed the action without his approval. Campbell argued, although relief from an order of dismissal ordinarily must be sought within six months after it has been entered, an unauthorized dismissal may be vacated at any time. In opposition Hyundai argued the settlement agreement expressly provided Campbell had authorized his attorney to dismiss the action and any other grounds for seeking dismissal were untimely. The trial court granted the motion for relief, stating, "It's obviously a mistake," but declining to further explain its ruling.

On August 28, 2014 Campbell moved for attorney fees and costs in the amount of $45,474.75. The trial court awarded him $36,606, including costs. The court did not reduce the hourly rate or amount of time Campbell's attorney sought, but rejected Campbell's request to apply a multiplier. Hyundai filed a timely notice of appeal on November 21, 2014. No notice of cross-appeal was filed by Campbell.

<strong>DISCUSSION</strong>

1. *Campbell's Motions for Attorney Fees Were Untimely*

California Rule of Court, rule 3.1702(b)(1) provides a motion for attorney fees "up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited

---

[1] Statutory references are to this code unless otherwise indicated.

3

civil case . . . ."[2]  Pursuant to those rules, the "deadline ordinarily falls 60 days after notice of entry of judgment, or 180 days after entry of judgment, whichever is first." (*Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 8.)  When "a dismissal with prejudice is entered as part of a compromise agreement under Code of Civil Procedure section 998, it is the equivalent of a judgment for purposes" of the Song-Beverly Warranty Act.  (*Wohlgemuth v. Caterpillar, Inc.* (2012) 207 Cal.App.4th 1252, 1260.)[3]

Campbell's original motion for attorney fees was filed more than 180 days after his voluntary dismissal of the action on April 10, 2013.  His second, "amended motion" for attorney fees and costs, which was granted by the trial court, was filed more than 16 months after the dismissal of the action.  We acknowledge Hyundai successfully argued the trial court should not grant the fee motion for reasons other than its lack of timeliness.  However, although not jurisdictional, the time limit for filing an attorney fee motion is "mandatory."  (*Community Youth Athletic Center v. City of National City* (2013) 220 Cal.App.4th 1385, 1444.)  Plaintiff's counsel was obligated either to comply with the rule or to seek leave to file a late motion demonstrating good cause for the untimely filing.  (See *ibid.* [trial court may grant relief for mistake, inadvertence, surprise or excusable neglect in filing untimely attorney fee motion "on a proper showing" under § 473, subd. (b)]; *Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 135 [a rule 3.1702(d) extension of time to file attorney fee motion may be granted after the expiration of the 60-day period for good cause].)

2.  *The Trial Court Erred in Setting Aside the Dismissal*

a.  *The section 473, subdivision (b), motion was also untimely*

If the trial court had properly set aside the dismissal of Campbell's action, he would be effectively absolved of not having filed either motion for attorney fees within

_____

[2]  References to rule or rules are to the California Rules of Court.

[3]  Although the record does not disclose whether this action was settled pursuant to a section 998 compromise, Campbell relies on *Wohlgemuth v. Caterpillar, Inc.*, *supra*, 207 Cal.App.4th at pages 1261 to 1263 in support of his argument the court retained jurisdiction to award statutory attorney fees after dismissal.

4

the time specified by rule 3.1702(b)(1) or sought and received leave from the court to file a late motion based on a showing of good cause as permitted by rule 3.1702(d).

Section 473, subdivision (b), authorizes the trial court to relieve a party from a default judgment or dismissal entered as a result of the party's or his or her attorney's mistake, inadvertence, surprise or neglect. It provides for both mandatory relief, when the application for relief is accompanied by an attorney's declaration of fault, and for discretionary relief based on the attorney's or party's excusable neglect. Whether the moving party seeks mandatory or discretionary relief, however, the application must be made no more than six months after entry of the judgment or order of dismissal. (§ 473, subd. (b).)[4]

Like the time to move for attorney fees, the six-month limit to file an application under section 473 "is mandatory; a court has no authority to grant relief under section 473, subdivision (b), unless an application is made within the six-month period." (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 340; see *Solot v. Linch* (1956) 46 Cal.2d 99, 105-106 ["Relief may not be granted . . . after the expiration of six

_____

[4] Section 473, subdivision (b), provides, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . . No affidavit or declaration of merits shall be required of the moving party. Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. However, this section shall not lengthen the time within which an action shall be brought to trial pursuant to Section 583.310."

5

months from the date of entry of the default. Accordingly, since respondent's motion for relief was made after the prescribed period had expired, the court was without jurisdiction to act and the order setting aside his default and the judgment thereon was void."]; *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 ["six-month time limit for granting statutory relief is jurisdictional and the court may not consider a motion for relief made after that period has elapsed"].) Thus, the trial court was without authority to grant Campbell's motion, filed 14 months after the order of dismissal.

  b. *Campbell has forfeited his argument he was entitled to equitable relief*

Campbell contends he was entitled to relief notwithstanding his failure to timely file a section 473 motion pursuant to the equitable tolling doctrine (see *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 911 ["'[e]quitable tolling is a judge-made doctrine "which operates independently of the literal wording of the Code of Civil Procedure" to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness'"])[5] or under the court's inherent equitable power to set aside an order of dismissal (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982 [recognizing court's inherent equitable power but cautioning that, after six-month period prescribed by section 473 for vacating default, "strong public policy in favor of the finality of judgments" is implicated and outweighed only by exceptional circumstances]). Campbell, however, has forfeited the argument because it was not raised in the trial court. (See *In re Marriage of Zimmerman*, at p. 912 ["The issue of equitable tolling was never invoked before the trial court. . . . Thus, petitioner forfeited the equitable tolling doctrine."].)[6] The only argument he presented in his motion for relief was that he had not

[5] Campbell has failed to cite any case in which the doctrine of equitable tolling has been applied to extend the mandatory six-month limitations period of section 473.

[6] Even if not forfeited, Campbell's contention the order of dismissal should be set aside under the court's equitable powers on the ground it was obtained by extrinsic fraud lacks merit. "The 'essential characteristic' of extrinsic fraud 'is that it has the effect of preventing a fair adversary hearing, the aggrieved party being deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.'" (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037,

6

authorized dismissal of the action and, as a result, the unauthorized dismissal could be set aside at any time. (See *Whittier Union High School District v. Superior Court* (1977) 66 Cal.App.3d 504, 509 ["dismissal of a cause of action by an attorney acting without any authority from his client is an act beyond the scope of his authority which, on proper proof, may be vacated at any time"].) Campbell has abandoned that argument on appeal.

3. *Campbell Failed To Timely Appeal the Trial Court's Erroneous Ruling It Had No Jurisdiction To Hear the Attorney Fee Motion*

Contending we may affirm the trial court's ruling if it is supported by any valid legal theory whether or not relied on by the court (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 ["a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason"]; see *Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 981 ["we cannot undo the effect of the ruling or the ensuing judgment on the ground the court may have misapplied section 473 as long as any other correct legal reason exists to sustain either act"]), Campbell argues the fee award was proper because the trial court erroneously denied his original attorney fee motion on the ground it lacked jurisdiction to hear the motion following the voluntary dismissal of his lawsuit.

Campbell is correct the trial court erred in ruling it had no jurisdiction to hear the initial fee motion: "[A] voluntary dismissal under section 581 does not deprive the trial court of jurisdiction over 'collateral statutory rights,' including 'the right to statutory costs and attorneys fees . . . .'" (*S.B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 380; see *Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1209 ["'voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and . . . attorney fees'"].) Nevertheless, we cannot affirm the trial court's attorney fee award

1044.) Hyundai's opposition may have been inconsistent with the parties' settlement agreement and arguably asserted in bad faith, but Hyundai did not in any way prevent Campbell from having a full and fair opportunity for a hearing on the merits of his motion.

7

following its error in setting aside the April 10, 2013 dismissal because the ruling on the October 2013 fee motion is not properly before us on this appeal.

Although "it is the general rule that a respondent who has not appealed from the judgment may not urge error on appeal," section 906 "allow[s] a respondent to assert a legal theory which may result in affirmance of the judgment." (*California State Employees' Assn. v. State Personnel Bd.* (1986) 178 Cal.App.3d 372, 382, fn. 7; see § 906 ["respondent, or party in whose favor the judgment was given, may, without appealing from such judgment, request the reviewing court to and it may review any of the foregoing matters for the purpose of determining whether or not appellant was prejudiced by the error or errors upon which he relies for reversal or modification of the judgment from which the appeal is taken"]; *Mayer v. C.W. Driver* (2002) 98 Cal.App.4th 48, 57 [respondent permitted to raise argument without cross-appeal that trial court reached right result "even if on the wrong theory"].) However, the last sentence of section 906 limits the scope of this exception: "'[T]he provisions of this section *do not authorize* the reviewing court to *review any decision or order from which an appeal might have been taken*.'" "'The taking of an appeal is . . . jurisdictional, and where no appeal is taken from an appealable order, a reviewing court has no discretion to review its merits.'" (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1247.)

Because the denial of his initial attorney fee motion was an appealable postjudgment order (§ 904.1, subd. (a)(2)), Campbell was required to appeal from that order within the requisite time to preserve any argument the court erred in ruling it had no jurisdiction to hear the motion. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 ["postjudgment order [that] awards or denies costs or attorney[] fees is separately appealable [citations], and if no appeal is taken from such an order, the appellate court has no jurisdiction to review it"]; see *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119 [husband's appeal from judgment of reserved issues did not encompass pendente lite attorney fee orders; those orders were immediately appealable and "became final and binding upon him"]; cf. *Ricketts v. McCormack* (2009) 177 Cal.App.4th 1324, 1337 [plaintiff's appeal from judgment did

8

not "revive her right to appeal the new trial order"].)  The time for appeal of that order had long since passed when Hyundai filed its notice of appeal on November 21, 2014.

## DISPOSITION

The orders setting aside the dismissal of the complaint and awarding attorney fees and costs are reversed.  Hyundai Motor Company is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.


9