[Civ. No. 44296. Second Dist., Div. One. Mar. 6, 1975.]

JUANITA POWERS, as Administrator, etc.,
Plaintiff and Appellant, v.
CHARLES R. ASHTON, JR., et al.,
Defendants and Respondents.

COUNSEL

Robert W. Gilbert and Ronald J. Cooke for Plaintiff and Appellant.

Twombly & Teal and Clifford W. Twombly for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—In this appeal from a judgment of dismissal after a demurrer was sustained to appellant's complaint without leave to amend, we consider: (1) the standing of "an administrator" of various trusts created pursuant to a collective bargaining agreement to sue as a real party in interest to enforce an obligation due the trusts; and (2) the propriety of trial court action in denying leave to amend after it had determined that the "administrator" lacked standing to sue. We conclude from the record that appellant is not a real party in interest so that a demurrer to appellant's complaint on that ground was properly sustained. We conclude, also, that the trial court erred in not permitting an amendment of the complaint to substitute the trustees of the trusts as plaintiffs.

The complaint which commenced the case at bench is filed in the name of four trusts created by collective bargaining agreements between Retail Clerks Union Local 770 and "Food Employers," one of whom is respondent. It is brought "by and through Juanita Powers as Administrator of the . . . Funds [trusts], who is the duly authorized representative of

the . . . Funds. . . ." The pleading asserts seven causes of action against respondents, alleged to be an employer of personnel represented by Local 770 obligated to the trusts by reason of a collective bargaining agreement with the union. The first cause of action seeks specific performance of an alleged obligation of respondents to allow the trustees of the trust or their representative to examine and copy books and records of respondent-employer. The second cause of action claims that respondents have not contributed sums to the trusts that they are obligated to pay. The third cause of action alleges on information and belief that respondents fraudulently represented "to plaintiff" that they had paid all contributions due from them to the trusts and reported all employees and hours worked by employees. It seeks damages in the amount of $25,000. The fourth cause of action alleges negligent misrepresentation of the same facts alleged in the third cause of action and also seeks $25,000 in damages. The fifth cause of action sounds in fraudulent concealment of the same facts alleged in the third and fourth. It seeks an identical amount. The sixth and seventh causes of action are framed in common counts.

Copies of the instruments creating the four trusts and the collective bargaining agreement are attached to the complaint and incorporated in it by reference. The collective bargaining agreement provides for the creation of the trusts with a "Board of Trustees" composed of an equal number of representatives of the union and of an "employers council." It specifies that voting by the trustees may be by proxy and that alternate and successor trustees may be appointed by the respective groups. The agreement directs that the trustees shall establish "a central administration office for the administration of the Trust, including but not limited to bookkeeping, tabulating, collection of contributions, record keeping and payment of claims and shall acquire appropriate office equipment and hire necessary personnel." The trusts concerned in this litigation are created by four separate instruments designated "Supplementary Unemployment, Supplementary Disability and Retired Employees Benefit Fund," "Joint Pension Trust Fund," "Joint Death Benefit Trust Fund," and "Vacation Trust Fund." Each declaration of trust, in essence, authorizes the trustees to employ "professional, executive, administrative, clerical, secretarial, and such other employees, persons or entities as may be deemed by [trustees] to be necessary . . . ." The declaration creating the Joint Pension Trust Fund provides for a corporate trustee in addition to the trustees named by the union and employers. Title to all trust assets is vested in the corporate trustee. The trustees are specifically empowered ". . . to take such legal action in the name of the Corporate

Co-Trustee, in their own names or otherwise, as in their discretion may be necessary to effectuate any collection [of employer contributions]." The three other trusts provide that "[t]he Trustees shall have the power to demand, collect, receive and hold an employer's contributions, and to take all actions (including . . . the filing and prosecution of suit . . .) deemed necessary by them . . . to collect . . . any moneys due and payable to the Trust Fund."

Respondents filed a general demurrer to the complaint on the ground that appellant is not a real party in interest and therefore lacks standing to sue. Their demurrer also contends that the complaint otherwise fails to state a cause of action. Respondents also filed special demurrers for uncertainty and an extensive motion to strike. The trial court sustained the demurrer for lack of standing without leave to amend. It placed the other related demurrers and motions off calendar and dismissed the complaint. ▆ In this appeal from the judgment of dismissal, appellant contends: (1) she has standing to sue; and (2) if she does not, the trial court abused its discretion in not permitting an amendment of the complaint to substitute the trustees of the four trusts as parties plaintiff.

The complaint shows on its face that appellant lacks standing. Code of Civil Procedure section 367 states: "Every action must be prosecuted in the name of the real party in interest . . . ." Code of Civil Procedure section 369 codifies the only exceptions to that rule, the one pertinent to this appeal being: ". . . [a] trustee of an express trust . . . may sue without joining with him the persons for whose benefit the action is prosecuted . . . ." If an action is brought by other than a real party in interest, it is subject to general demurrer. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 93.)

In general, the person possessing the right sued upon by reason of the substantive law is the real party in interest. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 93.) ▆ Thus where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because he is the one in whom title to the cause is vested. To that extent, Code of Civil Procedure section 369 is declaratory of the common law. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 106.) Conversely, because an ordinary express trust is not an entity separate from its trustees, action may not be maintained in the name of the trust. (See *Lazar* v. *Estate of Lazar,* 208 Cal.App.2d 554, 557 [25 Cal.Rptr. 354].) Thus, absent special circumstances, an action prosecuted for the benefit of a trust estate by a

person other than the trustee is not brought in the name of a real party in interest and is demurrable. At the time the action at bench was dismissed, the rule applied to employee benefit trusts created pursuant to a collective bargaining agreement. (See *International Bro. of Teamsters, etc.* v. *Kebert Const. Co.* (W.D.Pa.·1964) 225 F.Supp. 58; *Lewis* v. *Quality Coal Corporation* (7th Cir. 1957) 243 F.2d 769, 772-773.)[1]

Appellant seeks to avoid application of the general rule arguing: (1) the reason for the rule is not here present because respondents' rights will be fully protected by any judgment rendered in the action as filed; and (2) the complaint shows that the administrator of the trust has standing to sue as an assignee of the claim, that status being established by a course of dealing. Neither argument is supported by the record.

Appellant bottoms her first argument upon language in *Giselman* v. *Starr,* 106 Cal. 651, 657-658 [40 P. 8]. There our Supreme Court in affirming a judgment in favor of executors of a deceased's estate on a note and mortgage executed by the defendant, entered over the defendant's contention that all of the deceased's interest in the note and mortgage had been given to his daughter, stated: "The defendant has a statutory right to have a cause of action against him prosecuted by the real person in interest . . . . But the purpose of the statute is readily discernible, and the right is limited to its purpose. It is to save a defendant, against whom a judgment may be obtained, from further harassment or vexation at the hands of other claimants to the same demand. . . . But where the plaintiff shows such a title as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, then there is an end of ·the defendant's concern and with it of his right to object . . . ." Our Supreme Court held that plaintiff had established a prima facie showing that he was the owner of the cause and that defendant had not rebutted that showing. It therefore concluded that the defendant had not established that the action was not maintained by the real party in interest.

In contrast, the complaint in the case at bench shows no title to the cause of action in appellant. The recital· that the plaintiff sues on behalf of the trusts is not an allegation of fact that she is authorized to sue on

---

[1]The case at bench was determined in the trial court prior to the enactment of section 1001 et seq. of title 29 of the United States Code. Section 1132, subdivision (d)(1), provides that an employee benefit plan may sue and be sued as an entity.

behalf of the trustees. The allegation that she is the duly authorized representative to sue and that she is administrator of the trust funds is inadequate to establish her as the real party in interest when read in conjunction with the trust instruments which are incorporated in the complaint. In essence, appellant claims that she is the agent of the trustees and is therefore authorized to sue in her own name. But an agent for a party to a contract not made with or in the name of the agent is not a real party in interest with standing to sue on the contract. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 109; see also 1 Chadbourne, Grossman & Van Alstyne, Cal. Pleading, § 574.) Moreover, the terms of the trusts themselves rebut the existence of appellant's agency for the purposes of suit. In all except the pension trust the power to sue is vested solely in the trustees. In the pension trust, it is vested in them to sue "in the name of the Corporate Co-Trustee, in their own names, or otherwise." There is no allegation in the complaint that the trustees have delegated their right to sue to plaintiff and there is serious doubt that they could do so. ■ Except as permitted by the terms of a trust, a trustee cannot delegate to others those duties involving acts which if "done by the average man of business with regard to his own property, but with motives similar to trust motives in mind, that business man would consider . . . so important and so much within his capacity that he must do [them] personally." (Bogert, Trusts and Trustees (2d ed.) § 555; see also 2 Scott, Law of Trusts, §§ 171-171.2.) The decision to sue for $25,000 is not one which an ordinary prudent businessman would leave to others if he were dealing with his own affairs absent special circumstances, none of which is here alleged.

■ There is nothing in the trusts themselves empowering the delegation. The power to appoint administrative employees must be read for what it is and not as a general power of the trustees to delegate their policy as opposed to strictly administrative functions. The power of the trustees of the pension trust to sue in the name of the corporate co-trustee, their own name, "or otherwise," empowers an assignment for the purposes of suit but does not authorize the trustees to delegate to an administrative employee the decision of whether to sue.

Contrary to appellant's argument, the complaint does not allege facts of an assignment for collection by the trustees to her. No assignment is specifically alleged. Nor can an assignment be inferred from the delegation of administrative authority to appellant in view of the general restrictions upon delegation of duty by trustees.

Since the appellant in the case at bench has not alleged a prima facie right to the cause of action, and since the trust instruments incorporated in the complaint by reference refute any power of appellant to sue, respondents would be exposed to risk of further action by the trustees themselves if the action were permitted to continue in its present form. The purpose for the rule barring action by persons other than the real party in interest is thus present and the trial court correctly sustained the demurrer for lack of standing.

The court, however, abused its discretion in sustaining the demurrer without leave to amend. Code of Civil Procedure section 473 vests discretion in the trial court to permit amendment of a pleading "by adding or striking out the name of any party, or by correcting a mistake in the name of a party . . . ." That section is construed to permit amendment to substitute a plaintiff with standing for one who is not a real party in interest. (*Klopstock* v. *Superior Court*, 17 Cal.2d 13, 19-22 [108 P.2d 906, 135 A.L.R. 318].) The discretion vested by section 473 must be exercised liberally in favor of amendment where a demurrer is interposed to an initial complaint. If such a demurrer is sustained without leave to amend, a reviewing court is compelled to find an abuse of discretion in denying leave where the plaintiff presents a tenable basis of amendment on appeal even though the theory was not presented to the trial court. (*Greenberg* v. *Equitable Life Assur. Society,* 34 Cal.App.3d 994, 998, 1000 [110 Cal.Rptr. 470].) The record before us discloses that the complaint was clearly amendable to substitute the trustees as plaintiffs. The trial court thus abused its discretion by denying leave to amend.

Relying on language in *Payne* v. *United California Bank,* 23 Cal.App.3d 850 [100 Cal.Rptr. 672], respondents contend that the general rule of liberality in permitting amendment of pleadings is not available where the originally named plaintiff lacks standing to sue. They argue that in such a situation a reviewing court may not find an abuse of discretion in denying leave to amend to permit a proper plaintiff to be substituted unless there was a timely motion to amend in the trial court. *Payne* does declare such a rule in the context of class actions where the named plaintiff is not a member of the class for whose benefit he sues. (But cf. *La Sala* v. *American Sav. & Loan Assn.,* 5 Cal.3d 864, 872 [97 Cal.Rptr. 849, 489 P.2d 1113].) *Payne,* however, must be limited to that context. Code of Civil Procedure section 472c provides: "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making

such an order is open on appeal even though no request to amend such pleading was made . . . ." *Payne* is reconcilable with section 472c in the peculiar situation of class actions but not in the case of actions in general. The named plaintiff in a class action occupies a unique position which permits him to assert causes of action vested in others. The law of class actions has developed in a fashion which limits persons who may do so to members of the class which they represent. (*Greater Westchester Homeowners Assn., Inc.* v. *City of Los Angeles,* 13 Cal.App.3d 523, 526 [91 Cal.Rptr. 720].) That limitation assures that the representative of the class will proceed in the litigation with an interest parallel to that of its members. It similarly protects defendants in class actions from suits by persons who are purely volunteers, suing not to vindicate their own right but for the financial benefit frequently flowing to the named plaintiff and his counsel. Where the class litigation has been commenced and framed by a person who is not a member of the class, it is arguable that the trial court must be permitted to analyze the circumstances of a proposed substitution of plaintiffs to determine whether the substitution serves the policy underpinning of the rule above discussed. That trial court analysis requires that an amendment to substitute a plaintiff properly representing the class be presented by a motion.

No similar policy considerations are present in the situation of the substitution of a fiduciary who is the real party in interest for a trust or a representative of the trustee who is not. Hence we conclude that the principle of *Payne* is not here applicable but that the rule of Code of Civil Procedure section 472c controls.

The judgment is reversed with instructions to the trial court to grant appellant leave to amend her complaint.

Wood, P. J., and Hanson, J., concurred.