Filed 8/20/25  Nguyen v. Tran CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAULINE NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>HAI TRAN,<br><br>    Defendant and Respondent. | G064050<br><br>(Super. Ct. No. 30-2021-01196831)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer, Judge. (Retired judge of the Kern Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed in part, reversed in part, and remanded. Motion to dismiss, request for judicial notice, and motion to augment the record denied.

Law Offices of Mark S. Martinez, Mark S. Martinez, and Mark J. Castellanet for Plaintiff and Appellant.

Attlesey Ward and John P. Ward for Defendant and Respondent.

Pauline Nguyen challenges the trial court's mid-trial dismissal of her claims against Hai Tran, arising from a secured loan Tran had given her and the subsequent foreclosure of the secured property. The court granted nonsuit on Nguyen's usury, breach of contract, and intentional misrepresentation claims, finding the usury claim time-barred and the others unsupported. It also dismissed her wrongful foreclosure and quiet title claims because, although Nguyen sued only in her individual capacity, her trust held title at the time of foreclosure. The court denied Nguyen leave to amend to address that issue.

We conclude the trial court correctly dismissed Nguyen's misrepresentation claim, which lacked merit. But the court erred by dismissing her other claims. The usury and breach of contract claims were timely and sufficiently supported. And the court abused its discretion by denying Nguyen leave to amend her complaint to support the wrongful foreclosure and quiet title claims. We therefore affirm in part, reverse in part, and remand for further proceedings.

FACTS

Tran lent Nguyen $165,000 in 2014 to cure arrearages on the first deed of trust on her Orange County residence. Tran's brother, Eric—a licensed real estate broker—negotiated the loan. Nguyen executed a promissory note and a second deed of trust securing the loan.

The note required six monthly interest-only payments at 12 percent interest. The principal was due in six months, along with any unpaid interest. At closing, Nguyen paid Tran a $16,000 "lender fee," effectively a prepayment of additional interest beyond the stated rate. Eric's company handled the escrow and received $500 from the loan proceeds.

2

Nguyen did not repay the loan by the six-month mark but continued making some payments until March 2017. She did not repay the principal. Additionally, Tran paid about $102,000 under the first deed of trust on Nguyen's behalf, to prevent foreclosure by the senior lienholder. Nguyen later transferred the property to her revocable trust, for which she served as trustee.

Tran recorded a notice of default in 2020, listing an unpaid balance over $350,000. In January 2021, Tran purchased the property at a foreclosure sale with a credit bid of over $390,000—reflecting the amount he claimed was due—plus cash. Nguyen received the surplus proceeds.

That same month, Nguyen filed this action against Tran in Los Angeles County, asserting claims for intentional misrepresentation and breach of contract. She attached the promissory note as an exhibit. The case was transferred to Orange County in April 2021. Nguyen filed a second amended complaint in 2023, adding claims for usury, wrongful foreclosure, and quiet title. Tran later filed an unlawful detainer action and obtained judgment for possession of the property.

Nguyen's action proceeded to trial. The trial court was to decide the equitable claims (wrongful foreclosure and quiet title), while the jury was to decide the remaining claims. The parties stipulated that Nguyen had made at least $31,000 in periodic loan payments and that Tran did not credit her those payments.

Nguyen testified she had paid over $70,000 but stopped in March 2017 because Tran had provided no payment records and told her she had paid nothing. Nguyen called an expert to testify about the loan calculations but the trial court sustained Tran's objections based on discovery violations.

3

Nguyen also called Tran, who admitted he had mistakenly failed to credit her payments. He acknowledged he had known since 2017 that Nguyen had transferred the property to her trust.

During trial, the trial court observed that Nguyen's trust—not Nguyen individually— owned the property at the time of foreclosure. It expressed concern that the trust, which had not been joined as a party, was indispensable to the wrongful foreclosure and quiet title claims. Nguyen moved for leave to amend her complaint to add herself in her capacity as trustee. Tran opposed the motion, arguing it would be prejudicial because he would want to assert additional defenses. The court denied leave to amend, stating there would be "no chance for [Tran] to answer" and raise any new defenses. It ultimately dismissed the wrongful foreclosure and quiet title claims.

After Nguyen rested her case, Tran moved for nonsuit on the remaining claims, asserting they were time-barred and unsupported. The trial court granted the motion. It found the usury claim barred by the statute of limitations because more than two years had elapsed between Nguyen's last payment in 2017 and this 2021 lawsuit. The court also concluded the breach of contract claim failed because Tran did not breach—he had fully performed by funding the loan—and instead found that Nguyen had breached by failing to repay it. As for intentional misrepresentation, the court found no evidence of a misrepresentation or reliance. It entered judgment for Tran.[1]

---

[1] We deny Tran's motion to dismiss the appeal based on a judgment in a separate action Nguyen brought against him. According to Tran's motion, the trial court there concluded that the judgment in *this action* precluded Nguyen's claims. Tran's contention is circular: the separate action, which he claims bars this appeal, was itself predicated on preclusion from this very action. Since there was no final adjudication on the merits,

DISCUSSION

Nguyen contends the trial court erred by dismissing her claims. We agree in part. The usury and breach of contract claims were timely and supported by sufficient evidence to withstand nonsuit. The court also abused its discretion by denying leave to amend the complaint, which led to the erroneous dismissal of the wrongful foreclosure and quiet title claims. However, Nguyen's intentional misrepresentation claim was meritless, and the court correctly dismissed it.

I.

THE USURY CLAIM WAS TIMELY AND SUFFICIENTLY SUPPORTED

The trial court erred by granting nonsuit on Nguyen's usury claim. We review that ruling de novo. (*Hoch v. Allied-Signal, Inc.* (1994) 24 Cal.App.4th 48, 58.) "A nonsuit is proper only if there is no substantial evidence to support a jury verdict in the plaintiff's favor." (*Ibid.*) In making this determination, the court must accept as true all evidence favorable to the plaintiff and disregard contrary evidence. (*Ibid.*)

Under the California Constitution, interest on a loan generally cannot exceed 10 percent per year. (Cal. Const., art. XV, § 1.) One exemption permits higher rates for loans secured by real property and "made or

---

that separate judgment has no preclusive effect here. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 77 [claim preclusion requires judgment on merits; substance of claim must be "'tried and determined'"].)

Tran's citation to *First N.B.S. Corp. v. Gabrielsen* (1986) 179 Cal.App.3d 1189, is unhelpful. The court there held that a final judgment *deciding the merits of the claims* in a separate action precluded the action pending on appeal, even though the separate action was filed second. (*Id.* at pp. 1193, 1195.) The court did not bless the mutual-preclusion analysis Tran advances here. We deny Tran's request for judicial notice and Nguyen's motion to augment the record as unnecessary.

arranged" by a licensed real estate broker. (*Ibid.*; Civ. Code, § 1916.1) A broker "arranges" a loan when they solicit, negotiate, or arrange it "for compensation." (Civ. Code, § 1916.1.)

A usurious note is treated as if it calls for no interest during its term. (*Soleimany v. Narimanzadeh* (2022) 78 Cal.App.5th 915, 922.) The creditor may still recover interest at the legal rate—typically 7 percent—on any unpaid principal after maturity. (*Ibid.*) Any excess interest paid applies to reduce the principal first. (*Hardwick v. Wilcox* (2017) 11 Cal.App.5th 975, 979 (*Hardwick*).) In some cases, treble damages may be recoverable. (*Gibbo v. Berger* (2004) 123 Cal.App.4th 396, 404.)

A usury claim for recovery of interest paid is subject to a two-year statute of limitations. (*Hardwick, supra*, 11 Cal.App.5th at p. 991 & fn. 3.) But the claim accrues, and the statute of limitations starts running, only when the debtor pays any amount exceeding the principal. (*Id.* at p. 991.)

Nguyen's usury claim accrued only in 2021, when Tran collected the loan's principal plus interest through the foreclosure. (*Hardwick, supra*, 11 Cal.App.5th at p. 991.) Nguyen filed this action that same month. Her usury claim in the second amended complaint related back to the original complaint, which alleged the same note and underlying facts. (*Fix the City, Inc. v. City of Los Angeles* (2024) 100 Cal.App.5th 363, 374 [amended complaint relates back to earlier one if based on same general facts, same injury, and same instrumentality].) Tran does not contend otherwise; nor did the trial court. Thus, the claim was timely.

We reject Tran's contentions that nonsuit was nevertheless appropriate on the alternative grounds that (1) the real estate broker exemption rendered the usury law inapplicable to Nguyen's loan and (2) Nguyen could not establish damages. First, although Eric, a licensed

6

broker, arranged the loan, the evidence does not compel the conclusion that he did so *for compensation*. (See Civ. Code, § 1916.1.) Tran points to the $500 paid to Eric's company, but that firm provided escrow services for the transaction and nothing shows this payment was for Eric's brokering rather than those escrow services.

Second, although Nguyen did not provide an accounting, she presented sufficient evidence of damages. The loan's principal amount was $165,000 and Tran paid about $102,000 to another creditor on Nguyen's behalf, meaning the total balance owed was about $267,000. At the very least, Nguyen paid about $47,000 on the loan—a $16,000 lender fee and about $31,000 in periodic payments. She testified to paying over $70,000, apparently excluding the lender fee. At foreclosure, Tran collected over $390,000 through his credit bid, despite not being entitled to interest during the loan's term. This was sufficient prima facie evidence of damages. Tran may attempt to justify the collected amount by providing his own accounting. But Nguyen was not required to anticipate all potential defenses, and Tran cites no authority to the contrary. Accordingly, the trial court erred by granting nonsuit.

II.

THE BREACH OF CONTRACT CLAIM WAS TIMELY AND SUFFICIENTLY SUPPORTED

The trial court also erred by granting nonsuit on Nguyen's breach of contract claim. Contrary to the court's conclusion, the evidence does not show as a matter of law that Tran did not breach. The parties stipulated that (1) Nguyen made some payments on the loan and (2) Tran failed to credit some of Nguyen's payments. Nguyen also testified that Tran falsely told her she hadn't paid at all. Absent some legal excuse, Tran's failure to credit Nguyen's payments would constitute breach of contract. (See *Thompson*

7

*Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 541 [implied covenant of good faith prohibits party from frustrating other party's right to receive contract's benefits].)

Contrary to Tran's suggestion, any default by Nguyen would not excuse his failure to credit her payments. Courts often say that a breach of contract claim requires proof that the plaintiff fully performed or was excused from nonperformance. (E.g., *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.) But a plaintiff who has breached may still sue for the other party's breach of an independent obligation. (*Colaco v. Cavotec SA* (2018) 25 Cal.App.5th 1172, 1182–1183 (*Colaco*).) "Dependent covenants or '[c]onditions precedent are not favored in the law [citations], and courts shall not construe a term of the contract so as to establish a condition precedent absent plain and unambiguous contract language to that effect.'" (*Id.* at p. 1183.)

Tran's duty to apply the payments Nguyen did make was independent of Nguyen's duty to fully repay the loan. (See Civ. Code, § 1477 [creditor's voluntary retention of partial performance satisfies that proportion of indivisible obligation].) So regardless of any default by Nguyen, Tran's retention of her partial payments required him to reduce the loan balance accordingly. (*Colaco, supra*, 25 Cal.App.5th at p. 1182–1183.)

Nguyen's claim was also not barred by the statute of limitations, as Tran asserts. A four-year statute of limitations generally applies to claims for breach of written contracts. (Code Civ. Proc., § 337, subd. (a).) Tran concedes that the limitations period started in March 2017, when Nguyen stopped making payments after suspecting that Tran was not crediting them. Nguyen filed her complaint in January 2021, before the limitations period expired. Tran mistakenly states that Nguyen filed her complaint only in April 2021 but that date reflects only the transfer of the action from Los Angeles to

8

Orange County. When an action is transferred from an improper venue to a proper one, it is deemed to have been commenced at the time of filing in the original court. (Banke & Segal, Cal. Practice Guide: Civil Procedure Before Trial Statutes of Limitations (The Rutter Group 2025) ¶ 1:18, p. 3.) Thus, Nguyen's breach of contract claim was timely. The trial court erred by granting nonsuit.

## III.

### THE INTENTIONAL MISREPRESENTATION CLAIM WAS MERITLESS

The trial court correctly granted nonsuit on Nguyen's intentional misrepresentation claim. "The elements of intentional misrepresentation 'are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage.'" (*Aton Center, Inc. v. United Healthcare Ins. Co.* (2023) 93 Cal.App.5th 1214, 1245.)

Nguyen's theory of this claim is meritless. She claims Tran's misrepresentation was that "he was charging more than he should have under the contract." And she asserts that she relied on that misrepresentation by *refusing* to pay because she *knew* the amounts were overstated. In other words, instead of showing that she relied on the alleged misrepresentation, Nguyen admits she rejected it. That is the opposite of actual reliance. The trial court properly dismissed the claim.

## IV.

### THE DISMISSAL OF THE WRONGFUL FORECLOSURE AND QUIET TITLE CLAIMS WAS ERROR

The trial court erred by dismissing the wrongful foreclosure and quiet title claims based on Nguyen's failure to join herself as a party in her capacity as trustee. Assuming joinder was necessary, the court should have granted Nguyen leave to do so.

9

A court may allow the amendment of a pleading in the furtherance of justice at any time, even during trial. (Code Civ. Proc., §§ 469, 473, subd. (a)(1), 576.) Absent prejudice to the opposing party, there is a policy of great liberality in allowing amendments to the complaint at any stage. (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761.) In fact, "it is an abuse of discretion to deny leave to amend where the opposing party was not misled or prejudiced by the amendment." (*Ibid.* (cleaned up).)

Nothing in the record suggests that Nguyen misled Tran or that Tran was surprised. Nguyen sought the amendment in response to an issue that had not caused any concern to Tran—the trial court raised it sua sponte. The amendment was purely technical: Nguyen merely sought to add herself in a different capacity. (*Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344 [trust is not legal entity; legal action is brought by trustee].) And Tran was not caught off guard. He testified he had known since 2017 that Nguyen had transferred the property to the trust. (*Lazar v. Estate of Lazar* (1962) 208 Cal.App.2d 554, 561 [no surprise where plaintiff erroneously designated estate, rather than executors, as defendant].)

Nor does the record show any potential prejudice. The trial court expressed concern that Tran would have "no chance . . . to answer" and Tran argued the amendment would be prejudicial because he would want to "raise additional defenses." But neither the court nor Tran identified additional defenses that would apply only to Nguyen as trustee and not to Nguyen as an individual. Tran does not even address the denial of leave to amend in his appellate brief. In any event, nothing prevented Tran from raising new defenses in an amended answer. (Code Civ. Proc., §§ 469, 473, subd. (a)(1), 576.) The trial court abused its discretion by denying Nguyen leave to amend. (*Atkinson v. Elk Corp., supra*, 109 Cal.App.4th at p. 761.)

10

Tran's alternative grounds for dismissal are unpersuasive. First, the judgment in the unlawful detainer action has no preclusive effect on Nguyen's claims. (*Struiksma v. Ocwen Loan Servicing, LLC* (2021) 66 Cal.App.5th 546, 556–557 [unlawful detainer action after foreclosure sale did not bar wrongful foreclosure and quiet title claims based on lender's failure to credit payments].)

Second, any default by Nguyen did not necessarily insulate Tran from liability for wrongful foreclosure. A plaintiff must show there was "'no breach of condition or failure of performance . . . which would have authorized the foreclosure or exercise of the power of sale.'" (*Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 408.) But this simply means that "mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized." (*Id.* at p. 409) Material defects in the process can render the sale entirely unauthorized, even if the borrower was in default. (See *Majd v. Bank of America, N.A.* (2015) 243 Cal.App.4th 1293, 1307 [wrongful foreclosure claim stated where lender denied modification on false ground].)

Nguyen asserted that Tran grossly overstated the amount owed. That is not a technical violation.[2] (Bernhardt et al., Cal. Mortgages, Deeds of Trust, and Foreclosure Litigation (Cont.Ed.Bar.4th ed.2025) § 2.38 ["A material defect in the notice [of default], such as gross misstatement of the

---

[2] Courts have found a procedural irregularity merely technical where, for instance, the notice of default included erroneous contact information but the plaintiff never attempted to contact the trustee (*Citrus El Dorado, LLC v. Chicago Title Co.* (2019) 32 Cal.App.5th 943, 951–952), and where a creditor served a notice of sale "slightly less" than the required three months after the notice of default but the sale did not take place until about one year later (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 92, 94).

amount in default, voids the sale . . ."].) Thus, any default did not necessarily defeat Nguyen's wrongful foreclosure claim. In short, the trial court erred by dismissing the wrongful foreclosure and quiet title claims.

DISPOSITION

The trial court's dismissal of Nguyen's usury, breach of contract, wrongful foreclosure, and quiet title claims is reversed. Its dismissal of the intentional misrepresentation claim is affirmed. The matter is remanded for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

SCOTT, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.