Filed 11/4/25

CERTIFIED FOR PARTIAL PUBLICATION*

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| INCOME ESTATE LLC, | ) 24APLC00210 |
| Plaintiff and Respondent, | ) (Michael Antonovich Antelope Valley Trial Court No. 24AVUD00228) |
| v. | ) |
| JUAN PEREZ et al. | ) |
| Defendants and Appellants. | ) **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Lim, Commissioner. Reversed.

BASTA, Inc., Daniel J. Bramzon and Eric M. Post for Defendant and Appellant.

Dennis P. Block & Associates, Dennis P. Block and H.G. Long for Plaintiff and Respondent.

\* \* \*

Defendant Juan Perez[1] appeals a judgment in favor of plaintiff Income Estate LLC in a residential unlawful detainer action for failure to pay rent involving a mobile home park. The

---

\* This opinion is certified for publication pursuant to California Rules of Court, rule 8.110(b), with the exception of footnote 14.

[1] Juan Perez is the only appellant. Any reference to "defendant" is to Juan Perez only, while any reference to "defendants" is to Juan Perez and his wife, Keila Perez, collectively. Prior to trial, defense counsel notified the court that he no longer represented Keila Perez.

1

arguments raised by defendant are: (1) plaintiff, a property manager, was not the real party in interest and failed to introduce sufficient evidence conferring the right to prosecute this action; (2) the three-day notice was defective because it relied upon unlawful rent increases and improperly "round[ed] up" to the nearest penny; and (3) defendant was entitled to a directed verdict due to plaintiff serving two rent increases in one calendar year in violation of the Palmdale Municipal Code. We find merit to defendant's contention that plaintiff failed to satisfy its burden to prove it had standing to sue on behalf of the property owner, and we therefore reverse the judgment on this basis.

## BACKGROUND

On February 9, 2024, plaintiff filed a complaint alleging a cause of action for unlawful detainer pertaining to a mobile home space in the City of Palmdale. The complaint alleged plaintiff was the "landlord/owner" of the mobile home space; on November 1, 2012, defendants entered a written month-to-month agreement in which they leased the premises for rent of $456.79[2] per month; on July 11, 2023, plaintiff caused to be served upon defendants a three-day notice to pay past-due rent of $1,805.70 or to quit the premises; and the notice period expired without defendants' compliance.[3] Plaintiff sought possession of the premises, forfeiture of the lease, past-due rent, daily damages, and attorney fees.

Defendant's answer denied each allegation in the complaint. Defendant also alleged multiple affirmative defenses, including that the notice was defective because the rent demand

---

[2] This stated figure appears to be a typographical error, as it was undisputed that the *original* rent was $425 per month.

[3] The notice attached to the complaint specified, "[t]he monthly rental rate for the Premises was $435.33 per month for April 1, 2023 through April 30, 2023. The monthly rental rate increased to $456.79 per month on May 1, 2023. The amount which is delinquent and unpaid is for the time period from April 1, 2023 through July 31, 2023, including all adjustments, credits, and partial payments, if any."
Plaintiff also served a 60-day notice terminating possession pursuant to Civil Code section 798 et seq. and a three-day notice to perform covenants (payment of past-due utilities); however, the basis for the complaint was limited to the three-day notice to pay rent or quit.

2

exceeded the amount due, and that plaintiff lacked standing to bring the action as it was not the property owner or authorized to sue on the owner's behalf.

On May 13, 2024, defendant filed a brief in support of an oral motion for judgment on the pleadings, arguing therein plaintiff was not the owner of the property or a real party in interest. Defendant also requested judicial notice of recorded deeds which represented that in 2018, Income Estates LLC[4] conveyed its ownership interests in the premises to Joshuaview Corporation, and in 2020, Joshuaview Corporation conveyed its interests to Joshuaview, LLC. The court granted plaintiff's oral motion to amend the complaint, striking the word "owner" from paragraph 4 so that plaintiff's alleged interest in the premises was only as the "landlord." The court denied the defense motion for judgment on the pleadings, finding the complaint satisfied the pleading standards.

The cause proceeded to a jury trial. Plaintiff's witnesses were Olvin Villeda, Kajiah Jacobs and Keila Perez—who was called pursuant to Evidence Code section 776. The defense witnesses were defendants, Olvin Villeda and Sandra Ruiz. A summary of the pertinent evidence adduced at trial follows.[5]

Defendants occupied a space at the mobile home park pursuant to a written lease agreement executed in 2012. In January 2022, plaintiff, a property management company, was hired to manage the premises by Julian Pinedo, a representative of the property owner, Joshuaview LLC. Villeda was employed as the on-site resident manager who served defendants with rent increase notices in 2020 and 2022.[6]

---

[4] It is unclear whether plaintiff (Income *Estate* LLC), is the same entity as Income *Estates* LLC. (Italics added.)

The record does not reflect a ruling on the request for judicial notice of the deeds.

[5] Ruiz, a resident in the mobile home park, testified to various uninhabitable conditions at the premises. Jacobs testified about his inspection of the habitability of the premises. We omit a summary of their testimony as the issue of habitability is not relevant to this appeal.

[6] Most of Villeda's testimony concerned whether the rent increase notices were authorized by city ordinance. We omit this testimony as it is not pertinent to the dispositive issue in this appeal—whether plaintiff established its standing to initiate the unlawful detainer action.

After plaintiff rested, defendants made a motion for nonsuit on various grounds, including the argument that plaintiff lacked standing to initiate the complaint. The court denied the motion for nonsuit, finding plaintiff elicited sufficient evidence to support a prima facie case for unlawful detainer.[7]

After the filing of a joint stipulation,[8] both parties rested, defendants moved for a directed verdict arguing, in pertinent part, that plaintiff introduced no evidence to prove it was authorized to bring the action on behalf of the owner. The court denied the motion, finding plaintiff had standing to bring the action as the property manager for Joshuaview LLC, based on Villeda's testimony "that he's employed by [plaintiff] who is the managing company for the owner of the property."

The jury issued special verdict findings that: (1) plaintiff was the lessor of the property, (2) plaintiff properly gave defendants a three-day written notice to pay past-due rent or vacate, (3) the amount of rent demanded in the three-day notice was not more than the amount owed by defendants, (4) defendants did not pay the rent demanded in the notice, and (5) there was not a substantial breach of habitability during the period for which rent was not paid. Judgment was entered on the special verdicts for possession of the premises, forfeiture of the lease, past-due rent of $1,805.70, holdover damages, and unspecified attorney fees. The court denied defendants' motion for a new trial and for judgment notwithstanding the verdict, and defendant timely appealed the judgment.

## DISCUSSION

Defendant contends the trial court erred in denying the motion for directed verdict because there was no substantial evidence to prove plaintiff had standing to prosecute this action. Plaintiff's argument in support of standing relies on the doctrines of agency and

---

[7] We also omit a summary of defendants' testimony as it was not germane to, and did not address, the standing issue.

[8] The parties filed a joint stipulation of the following facts: "1. By way of written notice dated 5/29/2020, the space rent for [the premises] . . . increased 2.43% from $425 to $435.33, effective September 1, 2020. [¶] 2. By way of written notice dated 1/27/2023, the space rent for [the premises] . . . increased 4.93% from $435.33 to $456.79, effective May 1, 2023. [¶] 3. All parties reserve argument on the legal effect of the stipulated facts."

assignment.[9]  As noted by a leading treatise,[10] no published opinion has assessed the requisite proof for a property manager to prove it has standing, as a real party in interest, to initiate an unlawful detainer action.  We now undertake this endeavor.

"'"'A directed verdict may be granted only when, disregarding conflicting evidence, giving the evidence of the party against whom the motion is directed all the value to which it is legally entitled, and indulging every legitimate inference from such evidence in favor of that party, the court nonetheless determines there is no evidence of sufficient substantiality to support the claim or defense of the party opposing the motion, or a verdict in favor of that party.  [Citations.]" [Citations.]  This court decides de novo whether sufficient evidence was presented to withstand a directed verdict." (*Magic Kitchen LLC v. Good Things Internat., Ltd.* (2007) 153 Cal.App.4th 1144, 1154.)

A cause of action for unlawful detainer must "set forth the facts on which the plaintiff seeks to recover" (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 395; accord, Code Civ. Proc., § 1166, subd. (a)(2)), including the allegation of ownership or some other enforceable right to possession (*Staudigl v. Harper* (1946) 76 Cal.App.2d 439, 444).  A failure-to-pay unlawful detainer action may be brought by "the landlord, or the successor in estate of the landlord, . . ." (Code Civ. Proc., § 1161, subd. (2).)  Except as otherwise authorized by statute, every action must be prosecuted in the name of the real party in interest.  (Code Civ. Proc., § 367.)[11]  The real party in interest is typically a party who has title to the cause of action, but "in

---

[9] Like the respondent's brief, plaintiff's trial briefs asserted standing to sue as an assignee, but no evidence was adduced at trial to substantiate the claim that Joshuaview, LLC assigned to plaintiff any rights of the lease.  We do not consider arguments that are unsupported by analysis and the record on appeal.  (*Dent v. Wolf* (2017) 15 Cal.App.5th 230, 235, fn. 3.)

[10] "There is no case on point holding that a landlord can assign its interest in an unlawful detainer action to an agent and only general law permitting the assignment of claims." (Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2024) ¶ 8:29.1a, p. 8:14.)  "Arguably, under agency law, an agent might have standing to file a UD if the landlord gave the agent written authority to sue and retake possession in the agent's own name. [Citations.]  [¶] However, there is no known authority so holding; absent assignment of the principal's interest in the property or allegation the agent is a party to the contract, suit in the agent's name alone is likely to draw a general demurrer . . . ." (*Id.*, ¶ 8:29.3, p. 8:15.)

[11] This statute applies to unlawful detainer proceedings.  (Code Civ. Proc., § 1165.)

many instances . . . one who is not the owner of the property nonetheless may be the real party in interest if that person's interests in the property are injured or damaged." (*Vaughn v. Dame Construction Co*. (1990) 223 Cal.App.3d 144, 148.)

Additionally, an action may be brought by an authorized agent of the real party in interest if certain conditions are met. Ordinarily, "'[a]n agent for a party to a contract not made with or in the name of the agent is not a real party in interest with standing to sue on the contract.' [Citations.] An agent acting on behalf of a principal might have standing to sue, however, if the agent 'has some beneficial interest in the subject matter.' [Citation.] For example, an agent has standing to sue where a contract creates obligations for the agent as a fiduciary to the principal." (*Cohen v. TNP 2008 Participating Notes Program, LLC* (2019) 31 Cal.App.5th 840, 856; accord, *Powers v. Ashton* (1975) 45 Cal.App.3d 783, 789 (*Powers*); see also *Earl Fruit Co. v. Herman* (1928) 90 Cal.App. 640, 644-645 [an agent named in the contract is a real party in interest].)

As applicable here, "[a]n agent may be authorized to do any acts which his principal might do, except those to which the latter is bound to give his personal attention." (Civ. Code, § 2304.) An agent has the authority "[t]o do everything necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his agency" (Civ. Code, § 2319, subd. (1)), and the agent may act in its own name only if "it is the usual course of business to do so" (Civ. Code, § 2322, subd. (a); accord, *Kinert v. Wright* (1947) 81 Cal.App.2d 919, 925). For example, "[a] party who enters into a rental agreement on behalf of the owner who fails to comply with [Civil Code] section [1962] is deemed an agent of each person who is an owner[.]" (Civ. Code, § 1962, subd. (d).)[12]

---

[12] Civil Code section 1962 requires a property owner to disclose to its tenants the name, telephone number, and street address at which personal service may be effected upon both (1) the person authorized to manage the premises, and (2) an owner of the premises or an authorized representative of the owner "for the purpose of service of process and for the purpose of receiving and receipting for all notices and demands." (Civ. Code, § 1962, subd. (a)(1).) Whereas the disclosure of any person or entity to whom rent payments shall be made is limited to the name, telephone number and address—but not the usual street address. (Civ. Code, § 1962, subd. (a)(2).) This distinction makes clear the Legislature intended to differentiate the obligations of property managers from property owners and their agents regarding the disclosure of certain information to tenants for the purpose of legal process.

In *Powers*, the plaintiff—a trust administrator—sued on behalf of four trusts, which authorized the trustees to take any legal action deemed necessary by them, while title to the trust assets was held by a separate "corporate trustee." (*Powers*, *supra*, 45 Cal.App.3d at pp. 785-787.)  The Court of Appeal upheld the sustaining of a demurrer, explaining: "The recital that the plaintiff sues on behalf of the trusts is not an allegation of fact that she is authorized to sue on behalf of the trustees.  The allegation that she is the duly authorized representative to sue and that she is administrator of the trust funds is inadequate to establish her as the real party in interest when read in conjunction with the trust instruments which are incorporated in the complaint. . . . [A]n agent for a party to a contract not made with or in the name of the agent is not a real party in interest with standing to sue on the contract." (*Id.* at pp. 788-789.)

In *Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, the plaintiff, who held a "special power of attorney" as the beneficiary of a deed of trust, sued to set aside a foreclosure sale.  The action was brought derivatively without alleging the plaintiff's interest in the property or any injury to plaintiff. (*Id.* at p. 580.)  The appellate court affirmed the order sustaining a demurrer without leave to amend, holding that "'[o]ne who is described in an instrument, . . . as the attorney in fact of another, does not hold the character of trustee, and is not a necessary party to represent the interest of the principal[,]'" and that the plaintiff "has not alleged any facts which would allow it to maintain this action." (*Id.* at p. 581.)

An unlawful detainer, being a summary proceeding, requires strict compliance with all applicable statutes. (*Stancil v. Superior Court*, *supra*, 11 Cal.5th at pp. 394-395.)  The requirement of standing is no exception.  Thus, an unlawful detainer case filed by a plaintiff who is not the real party in interest or an authorized representative may be subject to nonsuit. (See *Commonwealth Memorial, Inc. v. Telophase Society of America* (1976) 63 Cal.App.3d 867, 871.)

In the case *sub judice*, Section 4 of the amended complaint alleged that plaintiff's interest in the premises was as the "landlord," and section 6(b)(2) alleged that defendant's lease was made in 2012 with "plaintiff's agent."  The top left caption of the lease says "Joshua View MHP," but the lease does not identify the lessor and there is no signature in the allotted section for the "park management."  The rent increase notices attached to plaintiff's opposition

to defendant's post-judgment motion interchangeably represented that the lessor was either "Joshua View MHP," "Joshua View Mobile Home Park," or "Joshua View Mobile Home Park/Income Estate LLC." There was no evidence about the role of Joshua View Mobile Home Park, and the court sustained plaintiff's objections to defense counsel asking Villeda to identify the property owner.

Instead, the proof adduced at trial was only that in 2020, Joshuaview, LLC acquired the property subject to the lease executed by its predecessor in interest.[13] According to Villeda, plaintiff's authority to manage the property derived from an "administrative contract" with Joshuaview, LLC, which was not introduced at trial. Plaintiff took the position Villeda's testimony—that he was the property manager charged with collecting rent, billing tenants, and supervising the property—was sufficient on its own to satisfy the standing requirement. The trial court agreed with this position over the repeated objection of defendant, noting that "according to plaintiff, they are acting as agents for Jushua View LLC" and that Villeda was "employed by [plaintiff] who is the managing company for the owner of the property." The court erred as a matter of law and in its interpretation of the evidence.

Where the issue of standing is raised by the defense, a plaintiff acting as an agent of the real party in interest has the burden of producing sufficient evidence conferring the right to sue on behalf of the principal. (See *Powers*, *supra*, 45 Cal.App.3d at pp. 788-789; see also *Arnolds Management Corp. v. Eischen*, *supra*, 158 Cal.App.3d at p. 581.) Proof of standing to sue "'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" (*Troyk v. Farmers Group, Inc*. (2009) 171 Cal.App.4th 1305, 1345.) The determination of a plaintiff's standing to sue will depend on the unique facts of each case.

---

[13] The lease agreement, which was introduced into evidence as Exhibit 1, is not included in the record on appeal. Usually, defendant's failure to designate this exhibit for inclusion in the record would be deemed a forfeiture of the claim of error. In this case, however, the lease agreement is included in the appendix as an exhibit to plaintiff's June 28, 2024 opposition to defendant's motion for a new trial and for JNOV. The lease was supported by a declaration of plaintiff's counsel, which averred that it was the same document admitted into evidence at trial, and that the foundation was tested in the trial court.

(E.g., *Commonwealth Memorial, Inc. v. Telophase Society of America*, *supra*, 63 Cal.App.3d at p. 871 [buyer of leased property was not the real party in interest by operation of law where the purchase and sale agreement reserved the seller's rights under the lease].)  In other words, plaintiff's alleged status as an on-site manager did not adequately confer standing to sue.

With regard to the evidence in this case, Villeda's testimony on the issue of standing was that Pinedo, a representative of plaintiff, hired defendant as an on-site manager on behalf of Joshuaview LLC, and that in defendant's capacity as the on-site resident manager, he collected rents and served defendants with rent increase notices in 2020 and 2022.  Villeda never testified that plaintiff was an authorized "agent" acting on behalf of Joshuaview, LLC.  The only statements regarding plaintiff's status as an alleged agent of the owner were from plaintiff's counsel during argument.  The unsworn statements of counsel were not evidence.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11.)  Tellingly, the only citation to the record in plaintiff's brief supporting its position that it proved standing is a reference to the "Property Management Agreement" attached to plaintiff's opposition to the post-judgment motion.  As noted *ante*, this document, unlike the lease, was not produced at trial and its foundation was not tested; therefore, this court may not consider it.[14]  (Evid. Code, §§ 1400, 1401, subd. (a); *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [appellate court considers only evidence which was part of the record at the time of the trial]; see *Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 292 [improper to consider exhibits whose foundation was not tested].)

In sum, plaintiff had multiple opportunities to introduce some modicum of evidence to support its alleged status as the real party in interest or an authorized agent of the real party in

---

[14] As repeatedly pointed out by defendant, plaintiff's respondent's brief, which mostly consists of block quotes pasted from a secondary source, is not a paragon of clarity.  We feel compelled to address the inappropriate attacks on the integrity of plaintiff's counsel contained in part E of defendant's reply brief.  "'[I]t is vital to the integrity of our adversary legal process that attorneys strive to maintain the highest standards of ethics, civility, and professionalism in the practice of law.' [Citation.]  Indeed, unwarranted personal attacks on the character or motives of the opposing . . . counsel, . . . are inappropriate and may constitute misconduct."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 412.)  Counsel is admonished not to use proceedings in this court as an opportunity to vent his apparent contempt toward opposing counsel.

interest, but it failed to do so. Villeda's testimony of being "the property manager," without more, was not evidence of sufficient substantiality to support the determination that plaintiff had a legal basis to prosecute the case on behalf of Joshuaview, LLC.[15]

## DISPOSITION

The judgment is reversed, and the cause is remanded to the trial court to conduct further proceedings consistent with this opinion. Costs are awarded to defendant.


_____
P. McKay, P. J.

We concur:


_____          _____
Ricciardulli, J.                                          Guillemet, J.

---

[15] Considering the disposition, we do not address defendant's remaining claims related to the validity of the three-day notice to pay rent or quit. (See, e.g., *Purcell v. Colonial Ins. Co.* (1971) 20 Cal.App.3d 807, 814.)